## MARYLAND CASUALTY CO. v. MORITZ.
### No. 8892.

Court of Civil Appeals of Texas. Austin.

March 6, 1940.

Rehearing Denied April 3, 1940.

R. H. Mercer, of San Antonio, for appellant.

Hart & Brown, of Austin, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of Moritz against the Maryland Casualty Company for attorney's fees incurred by him in defending a damage suit against him and others. Appellee alleged that the Casualty Company was bound to pay such fees under an indemnity insurance policy carried by Moritz with that company. The suit in which the attorney's fee was incurred was by the wife and children of Rob Marshall against Moritz, doing business under the name of O. K. Freight Lines; L. O. Wells, doing business under the name of L. O. Wells Fruit & Produce Company; S. A. and Percy Neilson, also truck operators; Henry W. Klein, employee of Moritz; and Claude Berry, employee of Wells. It was for damages for the death of Rob Marshall resulting from a truck collision on State Highway No. 20, at Oak Hill, a few miles west of Austin. The insurance policy involved was one of indemnity issued to Moritz as a common carrier of freight over the highways in accordance with the provisions and requirements of Sec. 13, Art. 911b, Vernon's Ann.Civ.St. The sole question presented is whether the averments in the petition of the Marshalls were sufficient to bring the asserted cause of action against Moritz within the terms of the policy.

The policy in question covered two specifically described Chevrolet trucks, owned, used and operated by Moritz, doing business as the O. K. Freight Lines over Highway 20 between Austin and Fredericksburg. Coverage A insured Moritz against liability for damages for personal injuries; coverage B against property damage. It also provided that "Coverage granted by the policy applies to all trucks and trailers belonging to or under the direction of the named insured, whether particularly identified in the policy or not, while same are being used in the business of carrying property for hire or compensation and coming within the terms of the statutes, above referred to * * *."

In addition to binding the insurer to pay the damages included in coverages A and B, the policy also bound the insurer to "defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

The suit of the Marshalls was predicated upon the concurring negligence of all of the named defendants. Briefly summarized, the facts surrounding the collision were alleged to be substantially as follows: The Wells truck, a common carrier truck, driven by Berry, was returning eastward from Fredericksburg to Austin. Due to engine trouble it had been stopped on its right-hand side (the south side) of the highway on the pavement in Oak Hill, thus blocking the highway on that side. The Moritz truck, driven by Klein, and specifically covered in said policy, and the Neilson truck, owned by S. A. Neilson and driven by Percy Neilson, were also returning to Austin from the west. At Dripping Springs, a point about 30 miles west of Austin, Klein, the driver of the Moritz truck, and Percy Neilson, the driver of the Neilson truck, met and agreed between themselves that, from that point, Neilson would drive the Moritz Chevrolet truck toward Austin, followed by Klein driving the Neilson Ford truck. When Klein, so driving the Neilson truck, undertook to pass the parked Wells truck on the left in Oak Hill, he ran into Marshall's truck, wrecking it and causing Marshall's death.

We quote the following from the petition of the Marshalls:

"That on the 6th day of February, A. D. 1937, being the day of the collision causing the death of the deceased Bob Marshall, the defendants, S. A. Neilson and Percy Neilson, were owners of and jointly operated a certain 1935 Ford truck, license No. 57c/m498, and were using the same in the trucking business. That on said date shortly before the collision occurred, the said truck was being driven on the joint business of the two defendants by one of the defendant partners, to-wit: Percy Neilson. That the said defendant Percy Neilson, was driving said truck east on Highway 20 from Stonewall in Gillespie County toward Austin in Travis County. That about 15 miles west of the scene of the collision the defendant Percy Neilson, stopped his truck near the village and community of Dripping Springs in Hays County, Texas, and met and exchanged trucks with one Henry W. Klein. The said Henry W. Klein was employed by and working for the defendant, James J. Moritz, doing business as O. K. Freight Lines, his duties being to drive a truck or trucks in the hauling of freight for the defendant, James J. Moritz, in connection with said business."

"That thereupon on said day aforesaid the defendant, Percy Neilson, and the agent, servant and employee of the defendant, James J. Moritz, to-wit: Henry W. Klein, exchanged trucks by mutual agreement, and Percy Neilson proceeded to take charge of the O. K. Freight Lines truck, and Henry W. Klein took charge of the truck belonging to Neilson."

"That at the same time while driving the Neilson truck Henry W. Klein was expressly authorized by Percy Neilson to act for the defendants, S. A. Neilson and Percy Neilson, and was acting in their behalf in driving their truck from Dripping Springs to Austin, and at all times from the exchange of trucks to the collision was the duly authorized agent and servant of the two defendants, S. A. Neilson and Percy Neilson."

"The O. K. Freight Line truck arrived at the scene of the collision first and passed the truck of the defendant L. O. Wells, parked on the highway before the deceased drove up on the highway. That the said Henry W. Klein followed behind and ran into the truck of the deceased causing the injuries to him and resulting death as hereinbefore alleged."

It is the contention of appellant that these allegations affirmatively show that the Casualty Company was not liable under its policy for the injuries inflicted, and that under the holdings of the Texas Supreme Court in United States Fid. & Guaranty Co. v. Baldwin Motor Co., Tex.Com. App., 34 S.W.2d 815; and of the federal Circuit Court of Appeals in Allen v. American Fid. & Casualty Co., 5 Cir., 54 F.2d 207, it was not required to defend that suit. The ground of this contention is that since the truck, driven by Klein, did not belong to Moritz, and was not expressly covered by his policy, it must not only be shown to have been used by Moritz in his "business of carrying property for hire or compensation," but also as "coming within the terms of the statutes." And that to come "within the terms of the statutes," it must be shown to have been approved and licensed to operate by the Railroad Commission;

the required fees to have been paid thereon, including premiums for insurance thereon; and motor carrier license plates to have been issued by the Railroad Commission and attached to said truck. Such, in effect, was the rule laid down in the Allen case, supra, before the insurer could be held liable for payment of the damages sustained. In that case, however, suit was upon a judgment already obtained against the insured, and the court's holding of no liability was based upon the proof on the merits.

■■ In the instant case, the issue involved depends not upon ultimate liability, established after trial on the merits, of the insurer for the damages sustained; but upon the provision of the policy wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless, false or fraudulent. In such instance, in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition. But if, as stated in the Baldwin Motor Company case, such petition shows a state of facts "excluded by the policy," the insurer is not required to defend. If the allegations above quoted from the petition of the Marshalls were the only ones upon which liability of the insurer under its policy to defend that suit could be predicated, appellant's contention would, we think, be correct. But the fact that other grounds of damage against Moritz than those stated in the policy; or liability against others than Moritz for such damages were pleaded is immaterial; if the plaintiffs in that case, in addition to or in connection with other parties and other grounds, also pleaded any grounds against Moritz coming within the terms of the policy. Christian v. Royal Ins. Co., 185 Minn. 180, 240 N.W. 365.

In addition to the allegations above quoted, and here relied upon by appellant to negative any ground of liability, we find in the petition of the Marshalls in their suit, also the following:

"The said Henry W. Kline was employed by and working for the defendant, James J. Moritz, doing business as O. K. Freight Lines, his duties being to drive a truck or trucks in the hauling of freight for the defendant, James J. Moritz, in connection with said business. That at said time the said Henry W. Kline was driving a certain truck owned and operated by the said defendant in his said business and was hauling freight and making a regular return trip from Fredericksburg to Austin. That plaintiffs do not know the exact description or kind of said truck, but such information is peculiarly within the knowledge of the defendant, James J. Moritz.

"That thereupon on said day aforesaid the defendant, Percy Neilson, and the agent, servant and employee of the defendant, James J. Moritz, to-wit: Henry W. Kline, exchanged trucks by mutual agreement, and Percy Neilson proceeded to take charge of the O. K. Freight Line's truck, and Henry W. Kline took charge of the truck belonging to the Neilsons.

"That the said defendant, Percy Neilson, and the said Henry W. Kline, agent, servant and employee of the defendant, James J. Moritz, proceeded along Highway 20 one following the other until within about two or three miles of the scene of the collision. That at all of said times and continuously up until the collision with and injuries to the deceased, the said Henry W. Kline was acting for the defendant, James J. Moritz, overseeing the safe transportation of the freight for the O. K. Freight Lines and its truck from Fredericksburg to Austin and maintained control of the truck belonging to the defendant, James J. Moritz, by keeping close to and in contact with it while it was being driven by Percy Neilson. That the said Henry W. Kline at no time ceased to act for his principal nor surrendered the responsibility for his master's truck to any person."

"That the said Henry W. Kline, agent, servant and employee of the defendant, James J. Moritz, doing business as O. K. Freight Lines, and agent and servant of the defendants, S. A. Neilson and Percy Neilson, while acting in the scope of his authority as agent and servant, in said dual capacity was guilty of wrongful acts, negligence, and want of care as follows, to-wit: * * *."

■ As above stated, we are not here concerned with what the proof showed upon the trial of that damage suit. The issue of appellant's liability to pay whatever judgment was rendered, and whether such judgment came within the terms of coverages A and B of its policy, is not the question here presented. The only issue before us is whether the allegations above quoted, if taken as true, were sufficient to state a cause of action against Moritz com-

ing within the terms of the policy. If so, it was the duty of appellant, under its policy, to defend the suit. We construe these allegations as broad enough to do so; and think that the trial court properly so held. The judgment will therefore be affirmed.

Affirmed.