## MARYLAND CASUALTY CO. v. SCHARLACK et al.

### No. 9422.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1940.

Richard H. Mercer and C. W. Trueheart, both of San Antonio, Tex., for appellant.

Josh H. Groce, of San Antonio, Tex., for appellees.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

On January 31, 1937, Maryland Casualty Company issued its "Owners', Landlords', and Tenants' Public Liability Policy" covering an office building owned by L. J. Scharlack in the City of Corpus Christi, Texas. While the policy of insurance was in force and effect, certain tenants on the second and third floors of the building were injured by carbon monoxide given off by charcoal burners which were being used to heat the offices. Suits for damages were filed against Scharlack by the injured tenants and he called upon Maryland Casualty Company to defend. The insurance company disclaimed liability under the policy and filed its petition for declaratory judgment. After a consideration of the stipulated facts the court denied the relief sought by Maryland Casualty Company and entered judgment in favor of the defendants. The opinion of the trial court is reported, Maryland Casualty Company v. Scharlack, D.C., 31 F.Supp. 931.

The parties to this appeal agree that the only question to be determined is whether or not the facts stipulated bring Maryland Casualty Company within the exceptions of paragraph VII of the policy:

"VII. This Policy does not cover: (1) (a) any obligation assumed by the Assured under any contract or agreement, oral or written, for the liability of others, (b) any obligation assumed by or imposed upon the Assured under any Workmen's Compensation Agreement, Plan or Law; nor any accident caused directly or indirectly by (2) any person employed by the Assured contrary to law as to age of employment, or under the age of sixteen (16) years, where there is no age restriction; (3) or resulting from additions to, structural alterations in, or extraordinary repairs of the premises or any part thereof, or of any elevator, or any elevator plant, its shaft or equipment, or any part thereof, unless a written permit, specifically describing such work, shall have first been granted by the Company, and attached to, identified with, and made a part of this Policy, except that ordinary repairs may be made without such permit; * * *."

In November, 1937, Scharlack entered into contract for substantial alterations and repairs to the first floor of the insured building. The first floor had been used by a bank. No written permit was secured from the insurance company. The appellees agree that the first floor repairs and alterations were "structural alterations" and "extraordinary repairs" within the meaning of the above-quoted paragraph VII of the policy.

While the alterations to the first floor were under way the steam return pipes of the heating system were disconnected and the building was without heat. Tenants on the second and third floors complained and notified the owner that they would refuse to pay rent and would hold him liable if

720

they were made sick because of lack of heat. On November 21, 1937, the weather became extremely cold and the building manager placed electric heaters in the offices. The electric heaters burned out the fuses and the building manager then set up charcoal burners in the second and third floor offices. These charcoal burners gave off poisonous fumes which injured several tenants who filed suits for damages against Scharlack in the State Court.

Maryland Casualty Company contends that the State Court plaintiffs were injured "directly or indirectly" as the result of structural alterations or extraordinary repairs, and that paragraph VII of the policy plainly excludes liability. The appellees say that the injuries to the tenants did not result from structural alterations and extraordinary repairs, either directly or indirectly. They further assert that paragraph VII of the policy is ambiguous and that the trial court, in construing it, properly held that the words "directly or indirectly" do not apply to sub-section (3) which concerns structural alterations and extraordinary repairs.

We find it unnecessary to pass upon the asserted ambiguity of paragraph VII which contains but one sentence of over three hundred words. However, if we give to paragraph VII the construction contended for by the appellant the judgment below would still be right, for the persons injured by carbon monoxide fumes were not injured "directly or indirectly" as the result of the repairs and alterations of the first floor. If one of the State Court plaintiffs had been injured by falling plaster or scaffolding, or had been hit by a workman's hammer, or had stepped on a nail then the appellant might find comfort in its exclusion clause. United States F. & G. Co. v. Southland Life Ins. Co., 5 Cir., 22 F.2d 731. Such a case is not presented here. The charcoal burners and the persons injured by the carbon monoxide gas were on the second and third floors of the building completely removed from the first floor repair operations. We are of opinion and so hold that the carbon monoxide poisoning was in no wise the result of the extraordinary repairs and structural alterations. The appellant, therefore, cannot escape liability under the exemption clause. Cf. United States F. & G. Co. v. Breslin, 243 Ky. 734, 49 S.W.2d 1011. Maryland Casualty Company was liable under the policy and was under a duty to defend the State Court suits on behalf of the assured. Maryland Casualty Co. v. Moritz, Tex.Civ.App., 138 S.W.2d 1095.

The judgment is affirmed.