**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellant,**

v.

**Bastiaan BOLL, Appellee.**

**No. 14582.**

Court of Civil Appeals of Texas.

Houston.

June 10, 1965.

Rehearing Denied July 8, 1965.

Milas C. Bradford, Jr., and Daryl Bristow, Houston, and Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Funderburk, Murray & Ramsey, John Murray, Houston, for appellee.

COLEMAN, Justice.

This is a suit to recover attorney's fees incurred in the defense of two law suits arising out of an automobile collision. The trial court rendered judgment for appellee. The issue presented by this appeal is whether the allegations contained in the petitions filed in the previous suits, whether true or false, stated a cause of action within the coverage of an insurance policy issued by appellant to appellee.

The policy of insurance with which this case is concerned obligated appellant to pay on behalf of the insured all sums for which he might become legally obligated to pay as damages because of property damage or bodily injury sustained by any person "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the Company shall

defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *."

Attached to the policy was an indorsement providing " * * * the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Roy Hamilton Boll * * *."

It is undisputed or stipulated that the claim concerning which the prior suits were filed arose out of an accident which occurred while Roy Hamilton Boll was operating the insured automobile. It is also stipulated that Roy Hamilton Boll is the only son of Bastiaan Boll, the insured.

The first suit was initiated by Bastiaan Boll when he filed a suit for property damage to his automobile arising out of a collision between his automobile and one owned by Nolen Plunk. Boll alleged that at the time of the collision his vehicle was being driven by his son, Roy Hamilton Boll. Plunk then filed an answer and cross-action for property damage, asserting that his damage was caused by being struck by an automobile owned by Bastiaan Boll "and being driven by his son. * * " A copy of the cross-action was furnished the insurance company who refused to defend because the policy did not cover claims arising out of accidents while the automobile was being operated by Roy Hamilton Boll. Subsequently Plunk filed an action seeking to recover damages for personal injuries which he alleged he suffered in the same collision. In his petition he again alleged that the automobile owned by Bastiaan Boll was being driven by his son, without naming the son.

Roy Hamilton Boll was not named as a defendant in either suit. In Plunk's cross-action in the first case, and petition in the other, he specifically alleged that the automobile "Owned by Bastiaan Boll, and being driven by his son," while proceeding west on Holcombe Boulevard disregarded a red light and struck Plunk's vehicle in the intersection controlled by the light. In Plunk's petition this allegation was followed by a general allegation of negligence in various particulars, all dealing with the manner in which the vehicle was operated, including the running of the red light. In the next paragraph the petition again alleges that the collision, and the damages and injuries sustained by Plunk, were proximately caused by the negligence of the defendant in permitting his minor son to drive his vehicle. The petition for damages caused by personal injuries was not called to the attention of the Insurance Company and it was not requested to furnish a defense in this case, it being appellee's position that such action was not necessary because the company had already denied it had such an obligation in the matter of property damage arising out of the same accident. Both actions were successfully defended and only attorney's fees are involved in this action.

 It is well settled that in cases involving policies of insurance wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy, even though such suit may have been groundless, false or fraudulent, the test of the liability of the insurer to defend depends upon the allegations of the plaintiff's petition. If the petition does not state facts sufficient to clearly bring the case within or without the coverage, the insurer is obligated to defend if there is, potentially, a case alleged within the coverage of the policy. This obligation is not affected by facts ascertained before suit, or developed in the process of litigation, or by the ultimate outcome of the suit. However, the insurer cannot be called on to defend a suit against the assured in which the petition upon its face alleges a state of facts not covered by but excluded from the provisions of the policy. Heyden Newport Chemical Corporation v. Southern General Insurance Co., Tex. Supreme Court Journal, Vol. 8, p. 187;

Maryland Casualty Company v. Moritz, Tex.Civ.App., 138 S.W.2d 1095, writ ref.; Travelers Insurance Company v. Newsom, Tex.Civ.App., 352 S.W.2d 888, ref., n. r. e.; Sewer Constructors, Inc. v. Employers Casualty Company, Tex.Civ.App. (Houston), 388 S.W.2d 20.

■ The Newsom case, supra, held that the reason the insurer's duty to defend such suits is determined solely by the allegations of the petition, arises from the insured alleging such injuries * * *.' " Company shall defend any suit against the insured alleging such injuries * * *.' " The court then pointed out that where the language in an insurance policy is plain and unambiguous the courts must enforce the contract as made by the parties.

■ The insurer cannot be called upon to defend a suit against the insured where the petition upon its face alleges a state of facts not covered by, but excluded from, the provisions of the policy. U. S. Fidelity and Guaranty Co. v. Baldwin Motor Co. (Com.App.), 34 S.W.2d 815; Farmers Cooperative Soc. No. 1 of Quanah v. Maryland Casualty Co., Tex.Civ.App., 135 S.W. 2d 1033; Hardware Mutual Casualty Co. v. Schantz (5th Cir.), 186 F.2d 868.

■ In this case we are concerned with an indorsement excluding from the "insurance afforded by this policy" *any claim* arising from an accident while the insured vehicle was being driven by Roy Hamilton Boll. It is undisputed that this claim arose out of such an accident. The obligation to furnish a defense to a suit for damages arising out of the operation of the insured vehicle is a part of the insurance afforded by the policy. The parties, by the insurance contract, agreed that this obligation would not arise if the vehicle was in fact being operated by Roy Hamilton Boll at the time of a collision made the basis of the suit. The policy provided that the company would defend suits alleging injury or property damage "payable under the terms of this policy."

The petitions in both instances advised the insured that the claim arose out of an accident when his automobile was being driven by his son. He knew he had only one son, and he knew the terms of the indorsement relied on by the company. Under the facts of this case the petitions filed against Bastiaan Boll cannot be construed to allege a claim potentially within the coverage of the policy of insurance in question.

The judgment of the trial court is reversed and judgment is here rendered that appellee, Bastiaan Boll, take nothing by his suit.