Joseph COOK et ux., Appellants,

v.

OHIO CASUALTY INSURANCE COMPANY, Appellee.

No. 7847.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 29, 1967.

Emmett Colvin, Jr., Henry J. Novak, Jr., Clifford S. Dillard, F. T. Gauen, Jr., Dallas, for appellants.

J. Mike Joplin, Strasburger, Price, Kelton, Martin &' Unis, Dallas, for appellee.

CHADICK, Chief Justice.

This is a breach of contract action. On the motion of the defendant, Ohio Casualty Insurance Company, the trial court entered summary judgment that plaintiffs Joseph Cook and wife Capitola Cook and intervenors H. M. Wigley and wife, Bernice Wigley, take nothing by their suits. The judgment of the trial court is affirmed.

The brief of appellants Joseph and Capitola Cook contains a statement of the nature of the case that appellee Ohio Casualty Insurance Company agrees is substantially correct. Such statement is adopted for the purposes of this appeal and, with reference to pages of the record deleted, is next set out:

"Appellant Joseph Cook and wife, Capitola Cook, filed suit in the 116th Judicial District Court against the Appellee herein, Ohio Casualty Insurance Company, alleging as a cause of action a breach of contract by Appellee for its refusal to defend a lawsuit under the terms of an insurance policy issued by Appellee to Appellant Cook and wife, and seeking to recover the amount of the judgment rendered against them in said lawsuit, Two Thousand Nine Hundred Fifty Dollars ($2,950.00), plus interest on such amount of six per cent (6%), and attorney's fees of Five Hundred Dollars ($500.00). Appellee denied gen-

erally the allegations of Appellant's Original Petition. Thereafter, H. M. Wigley and wife, Bernice Wigley, Plaintiffs in the lawsuit against Appellant Cook and wife, and holders of the unsatisfied judgment for Two Thousand Nine Hundred Fifty Dollars ($2,950.00) plus six per cent (6%) interest, intervened and prayed for priority to the extent of their judgment against Appellant Cook and wife of any funds recovered by said Appellant in the instant lawsuit.

"The facts, which were stipulated reflect that demand was made on Appellee to defend the Wigley suit and that Appellee refused.

"Appellee filed a Motion for Summary Judgment, supported by affidavit. The affidavit, sworn to by a member of Appellee's Claims Department, alleged that such claims agent was told by Capitola Cook that she and her husband lived with her mother and shared expenses; that at the time of the accident, she was driving her mother's 1953 Studebaker; that she had her mother's permission to drive the Studebaker; and that her husband had the 1957 Ford.

"The Motion in support of the allegation therein that no material issue of fact in controversy existed, set forth portions of Policy No. 270–86–91, issued to Appellant Cook and wife, which reflected that Appellee would not be liable to pay for damages which Mr. and Mrs. Cook became legally obligated to pay if such damages were incurred when one or the other of them were driving an automobile owned by a relative who was a resident of the same household.

"Mr. and Mrs. Cook filed no motion and/or affidavit controverting Appellee's Motion for Summary Judgment.

"The trial court sustained the motion for Summary Judgment, and entered judgment thereon."

■ Regardless of the merit of the claim, an insurer has the duty to defend the insured in a suit on a claim the insurer, if the claimant prevails, is obligated by the insurance contract to pay on behalf of the insured, when, as in this case, the liability insurance policy contains a provision giving the insurer exclusive control of the defense of all such suits against the insured. See 50 A.L.R.2d Anno.: Liability Insurer—Duty to Defend, § 1. The parties recognize the foregoing as an accurate general statement of law. The appellants rely for reversal in this appeal, however, on a correlated proposition that the insurance company's duty to defend is determined by reference only to the insurance policy and the claimant's petition, that is, in this case, the petition of H. M. and Bernice Wigley as plaintiffs in the case referred to in the quotation from appellee's brief, wherein Joseph and Capitola Cook are defendants. The appellant insurance company defends on the theory that it did not refuse to defend the Wigleys' suit because such suit was based on a groundless, false, or fraudulent claim, but because the insurance contract between it and the Cooks excluded from coverage any liability Mrs. Cook incurred while driving her mother's automobile.

■ The fact that Mrs. Capitola Cook was driving her mother's automobile at the time of the collision with the Wigley vehicle appears by stipulation on file and in the affidavit attached to the insurance company's motion for summary judgment. The lawsuit referred to herein styled Wigley v. Cook was filed in the same district court where the case under review was pending, but neither the petition in Wigley v. Cook nor a certified copy of it was attached to the motion for summary judgment. The trial court could not take judicial notice of it in the summary judgment proceeding. Gardner v. Martin, 345 S.W.2d 274 (Texas 1961). The instrument was not before the trial court by virtue of any authorized procedure, although it was

filed as a part of the record in this court in a supplementry transcript requested by counsel for all parties. Ohio Casualty Insurance Company asserts that the affidavit filed with its motion for summary judgment and the stipulations on file must be considered, and when considered, the Wigley claim is conclusively shown to be excluded from the coverage of the insurance contract. The issue before this court narrows to a question of whether or not the facts shown by the mentioned affidavit and stipulations may be considered in determining the insurer's duty to defend.

■ ■ In the recent case of Heyden Newport Chemical Corporation v. Southern General Insurance Company, 387 S.W.2d 22 (Texas 1965), the Supreme Court says: "We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof." In Maryland Casualty Company v. Moritz, 138 S.W.2d 1095 (Tex.Civ.App.-Austin 1940, writ ref'd), it is said: " * * * in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition." In disposing of that case, the court said: "The only issue before us is whether the allegations above quoted, if taken as true, were sufficient to state a cause of action against Moritz coming within the terms of the policy. If so, it was the duty of appellant, under its policy, to defend the suit." But the opinion in the more recent case of International Service Insurance Company v. Boll, 392 S.W.2d 158 (Tex.Civ.App.-Houston 1965, writ ref'd, n. r. e.) exhibits a situation in which the duty to defend is not determined exclusively from the allegations of the claimant's petition (in a cross-action).

The appraisal here made of the Boll case and its nature is based upon recitations in the Court of Civil Appeals' opinion that the claimant's (cross-plaintiff) pleadings alleged that Bastiaan Boll's vehicle was operated by Bastiaan Boll's son at the time of a collision, but did not state the son's name. An exclusion endorsement relied on by the insurer excluded from the coverage of the policy any claim arising as a result of the operation of the vehicle by Roy Hamilton Boll, but did not describe or identify Roy Hamilton Boll as the son or only son of Bastiaan Boll. The parties stipulated the crucial fact that Roy Hamilton Boll was the only son of Bastiaan Boll. The fact that Roy Hamilton Boll was the only son of Bastiaan Boll was necessarily considered in determining the duty of the insurer to defend, and the source of this information was a stipulation on file, not an allegation in the claimant's petition. The opinion, referring to Bastiaan Boll, says: " * * * the claim arose out of an accident when his automobile was being driven by his son. He knew he had only one son, and he knew the terms of the endorsement relied on by the company." The basis for the court's stated conclusion was in the stipulation, as no allegation of such fact was in the claimant's petition. In Heyden and Moritz the position of the insurer was that the claim asserted against the insured was groundless. In Boll the insurer's position was that the policy excluded from its coverage any liability incurred by Bastiaan Boll resulting from his son, Roy Hamilton Boll, operating the insured vehicle.

Unless the Boll case is misapprehended or the writ action by the Supreme Court is based on something not disclosed in the Civil Appeals' Court opinion, it is evident that the Supreme Court regarded Heyden as distinguishable from Boll, and countenanced in the latter a consideration by the trial court of facts ascertained from a source other than the claimant's petition when the trial judge determined the insurer's duty. These two decisions suggest that the

Supreme Court draws a distinction between cases in which the merit of the claim is the issue and those where the coverage of the insurance policy is in question. In the first instance the allegation of the petition controls, and in the second the known or ascertainable facts are to be allowed to prevail. It is recognized that the character of writ action in Boll deprives it of value as a precedent, yet the question for decision in the case under review so nearly resembles that decided in Boll that this court is persuaded that its decision should be in harmony with Boll. The judgment of the trial court is affirmed.