**PROVIDENCE LLOYDS, Appellant,**

v.

**J.D. BLEVINS and J.D. Blevins, Inc., et al., Appellees.**

**No. 3–87–059–CV.**

Court of Appeals of Texas, Austin.

Dec. 9, 1987.

Bruce Burleson, Bowmer, Dourtney, Burleson, Normand & Moore, P.C., Temple, for appellant.

W.H. Connor, Connor and McCollough, P.C., Georgetown, for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

1. Appellees are:
David N. Wallingford, Elizabeth L. Wallingford, Tom C. Nance, Frances O. Nance, A.F. Smith,

SHANNON, Chief Justice.

Appellant Providence Lloyds seeks to set aside that part of the judgment of the district court of Bell County dismissing its declaratory judgment suit against appellee homeowners.[1] This Court will affirm the judgment.

Appellee homeowners sued J.D. Blevins and J.D. Blevins, Inc., (hereafter termed Blevins) in the district court of Bell County for damages for breach of warranty in the sale or construction of their respective houses. The insurance company took the position that its liability policy afforded Blevins no coverage. While the warranty suit pended, the insurance company filed its declaratory judgment suit against Blevins and the appellees.

By its suit, the insurance company sought a declaration that:

1. it had no duty to defend Blevins in the breach of warranty suit;
2. it had no obligation to pay on behalf of Blevins any sum which Blevins might become legally liable to pay in the breach of warranty suit;
3. it had no obligation to pay appellee homeowners any judgment that they might recover in the breach of warranty suit.

After Blevins failed to make an appearance, the district court rendered an interlocutory default judgment on January 8, 1987, declaring that the insurance company had no duty to defend Blevins in the breach of warranty suit and no duty to pay any sum which Blevins may become legally obligated to pay in such suit.

Appellees, thereafter, specially excepted to that part of the insurance company's petition seeking a declaration that it had no duty to pay appellee homeowners any judgment which they might recover in the breach of warranty suit. The basis for the special exception was that, as to the appellees, the insurance company was seeking no more than an "advisory opinion on purely contingent circumstances, hypotheti-

Martha Smith, Peter J. Mahan, Evelyn I. Mahan, Malcolm N. Evans and Faye R. Evans.

cal facts and abstract propositions" and that, accordingly, the district court should dismiss the insurance company's declaratory judgment suit as to them.[2] By its order, the district court sustained appellees' special exception. The order further provided that "the cause of action as to those [appellees] is ordered dismissed." ·

■ By its primary point of error, the insurance company asserts that "the district court erred in sustaining Appellees' special exceptions to Appellant's petition and in dismissing Appellees from the suit because there was a justiciable controversy between the Appellant and the Appellees." · The insurance company's point of error is not quite accurate in describing the order sustaining appellees' special exception in that the district court did not dismiss appellees from the lawsuit, but instead the district court by its order dismissed the *cause of action* asserted against appellees.

In sustaining appellees' special exception and dismissing the insurance company's declaratory judgment suit against appellees, the district court enforced the rule applied by the Supreme Court in *Fireman's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). In *Burch*, the Burches filed a personal injury suit against Larry and Sarah Buttler, husband and wife. Before that suit was tried, the Burches filed a declaratory judgment suit against the Buttlers' liability insurance company seeking a declaration, among other things, that the insurance company was obligated to pay on behalf of the Buttlers any judgment obtained by the Burches in the personal injury suit.

The Supreme Court in *Burch* pointed out that no court had at that time rendered judgment for the Burches against the Buttlers in the personal injury suit. The Supreme Court concluded, under those circumstances, that a declaration of liability of the insurance company upon any judgment which might thereafter be rendered in the personal injury suit was purely advisory in nature and beyond the power and jurisdiction of the district court to render. Because our disposition of this point is controlled by *Burch*, the point is overruled.[3]

■ The insurance company's other point of error is that "the district court erred in sustaining Appellees' special exceptions to Appellant's petition and in dismissing Appellees from the suit because Appellees were indispensable parties under the Texas Uniform Declaratory Judgments Act."

The insurance company refers the Court to *Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770 (Tex.1983). In *Dairyland,* the tort plaintiff filed suit against Dairyland's insured. Dairyland then filed a declaratory judgment suit against its insured seeking a declaration that no coverage existed, but failed to join the tort plaintiffs as parties. The district court rendered judgment declaring that the insurance company had no duty to defend and that no coverage existed. The tort plaintiffs later obtained a judgment against the insured for their damages and then sued the insurance company for the amount of the judgment against its insured.

Dairyland defended claiming that the declaratory judgment was binding on the tort plaintiffs. The Supreme Court concluded that the tort plaintiffs were not bound by the declaratory judgment because they were not parties to that suit. 650 S.W.2d at 774. The Court referred to Tex.Rev.Civ. Stat.Ann. art. 2524–1, § 11 which provides that all persons who claim an interest which would be affected by the declaration "shall" be made parties. The Court fur-

---

**2.** The preferable method to question jurisdiction is by plea to the jurisdiction rather than by special exception. *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n.r.e.). The insurance company, however, voiced no complaint of appellees' use of the special exception.

**3.** There is, of course, no complaint in this appeal concerning the jurisdiction of the district court to render the default judgment declaring the non-liability of the insurance company to pay on behalf of Blevins any sum which Blevins might become liable to pay in the breach of warranty suit. This Court expresses no opinion on that question.

ther observed that the tort plaintiffs' interests were not protected in the suit and that the express purpose of the declaratory judgment suit was to work against their interest.

This Court, of course, recognizes *Dairyland,* but fails to perceive its applicability to this appeal. In this appeal, the insurance company *joined* appellees. As a result, appellees were able to protect their interests by seeking, and obtaining, a dismissal of the cause of action asserted against them. When and if appellee homeowners obtain a judgment against Blevins, they may proceed against the insurance company.

In that suit, the insurance company will, doubtless, assert that no coverage existed as to Blevins. Those issues can only be resolved at that time. The district court properly dismissed the cause of action against the appellees because there was no justiciable controversy between the insurance company and the appellees. See *Burch, supra.* The point of error is overruled.

The judgment is affirmed.