**STATE FARM FIRE & CASUALTY COMPANY, Appellant,**

v.

**Ted WADE, Administrator of the Estate of Norris O'Dell Williamson, Deceased, Appellee.**

**No. 13–91–133–CV.**

Court of Appeals of Texas, Corpus Christi.

March 5, 1992.

Rehearing Overruled April 2, 1992.

---

Portia Pott, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, for appellant.

Michael Terry, Edwards & Terry, Corpus Christi, for appellee.

Before KENNEDY, DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

State Farm Fire & Casualty Insurance (State Farm) appeals following the dismissal of their petition for declaratory relief after the trial court sustained appellee Ted Wade's special exceptions. We reverse and remand.

In the declaratory action, State Farm sought to obtain an interpretation of a business pursuit exclusion from insurance coverage in a personal boatowner's liability policy and a declaration that State Farm did not owe a duty to defend a lawsuit currently pending against the estate of one of its insured. By two points of error, State Farm contends that its declaratory judgment action was erroneously dismissed because 1) its petition states a cause of action for which relief may be granted and 2) it is not limited to the face of the pleadings in the underlying suit in determining the applicability of a policy exclusion in its personal boatowner's liability policy.

The facts giving rise to this appeal are that at the time of Norris O'Dell Williamson's death, on or about November 20,

1988, he had in effect a standard boatowner's liability insurance policy with State Farm insuring his 1987 seventeen-foot VIP outboard boat. Williamson and a passenger, David John Holland, disappeared and were later found drowned in the Gulf of Mexico after the pair departed from Port O'Connor, Texas, in Williamson's seventeen-foot VIP boat. As a result of the accident, Holland's beneficiaries filed a wrongful death action against the administrator of Williamson's estate, Ted Wade. Williamson's estate then called State Farm to defend it in Holland's lawsuit and to indemnify it for any damages awarded. State Farm provided a defense but also brought a declaratory action. State Farm brought the declaratory action to contest its duty to defend Williamson's estate in the Holland lawsuit.

In response to the declaratory action, Williamson's administrator, Wade, filed special exceptions asserting that State Farm's petition for declaratory judgment failed to set forth a cause of action for which relief may be granted. Additionally, Wade asserted by special exception that because the factual allegations in the Holland wrongful death petition, which Wade contends are controlling, did not allege facts which establish the applicability of the business pursuit exclusion State Farm relies upon, then declaratory relief may not be granted, and State Farm has a duty to defend Williamson's estate in the Holland lawsuit.

The trial court sustained Wade's special exceptions and ordered State Farm to re-plead in conformity with the special exceptions. State Farm then filed its Plaintiff's First Amended Original Petition setting out specific language in the Holland petition which it contended raised the business pursuit exclusion. In addition, State Farm contended that if the relevant Holland pleadings are inconclusive or do not even address the issue giving rise to the insurer's defense (here the business pursuit exclusion from coverage), the insurer is not precluded from asserting such a policy defense in a declaratory judgment action.

In response to State Farm's amended petition, Wade filed more special exceptions asserting the same complaints and asking the court to dismiss State Farm's declaratory judgment action. The trial court sustained Wade's second set of special exceptions and dismissed State Farm's claims against Wade. State Farm appeals.

By point one, State Farm contends that the trial court erred in sustaining Wade's special exceptions and dismissing State Farm's suit for declaratory relief because State Farm's first amended original petition stated a cause of action for which relief may be granted. We agree.

In Texas, courts recognize an insurance company's ability to bring a declaratory judgment action to determine whether it has a duty to defend an insured prior to a determination of liability in the underlying lawsuit. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982); *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 332 (Tex.1968). The special exceptions were improperly sustained and State Farm's first amended original petition was improperly dismissed. We sustain point one and reverse and remand to the trial court.

In view of a remand, we make the following observations. Williamson's State Farm insurance policy was a private boatowner's policy, not a more expensive commercial boatowner's policy. The standard policy consisted of a basic insuring agreement establishing coverage, specific exclusions from coverage, and finally, amendments and endorsements which, in return for a higher premium, would modify or limit the scope of the exclusions. At issue is the provision in the policy which excluded coverage arising from the use of the boat in a business pursuit. The policy provided in pertinent part,

EXCLUSIONS,

This policy does not apply: to an occurrence while the boat to which the insured motor is attached, or the boat insured hereunder, is used as a public livery conveyance for carrying passengers for compensation, or rented to others, or used for any other business pursuit, or

while operated (except with respect to a sailboat) in any official race or speed test.

The pertinent factual allegations in the Holland petition were:

### III.

On or about November 20, 1988, David John Holland, son of Plaintiff Lilly Holland, disappeared offshore in the Gulf of Mexico and was found drowned on November 25, 1988, on St. Jose Island in the Gulf of Mexico just off the Texas coast. The decedent David John Holland, age 37 at the time of his death, was last seen leaving the Brown & Root dock at Port O'Connor, Texas in an 18 ft. outboard "VIP" boat owned and operated by Defendant Norris O'Dell Williamson, deceased, who was also found drowned in the Gulf of Mexico, separate and apart from his boat and David John Holland.

### IV.

On November 20, 1988, at approximately 6:30 p.m., Norris O'Dell Williamson, Captain of the 105 ft. crew boat "C" Ravin departed Port O'Connor, alongside passenger Holland, with the intended destination of the boat "C" Ravin grounded at Matagorda Island in the Gulf of Mexico. The decedent David John Holland was accompanying him as a pleasure passenger and not in any employment capacity with Williamson, while he, Mr. Holland, was waiting for high tide when he could assist a salvage operation in freeing the "C" Ravin. The salvage-type operation for the "C" Ravin was being conducted by Homer Roberson, doing business as Roberson Marine Sales, Inc., under a contract from Mako Marine Operators, the owners of the "C" Ravin. David Holland was to assist in this operation when the tide came in around 3:30 a.m. the next morning.

■ Generally, an insurer's duty to defend its insured is determined by the allegations against the insured without regard to the truth or falsity of those allegations, and all doubts are resolved in favor of the insured. *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973); *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 24–25 (Tex.1965); *Fort Worth Lloyds v. Garza,* 527 S.W.2d 195, 205 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ At the same time, however, an insurer is required to defend its insured if and only if a cause of action asserted in a petition is within the policy coverage. *McManus,* 633 S.W.2d at 788; *Heyden Newport Chemical,* 387 S.W.2d at 24. Furthermore, the insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. *McManus,* 633 S.W.2d at 788. If the petition *only* alleges facts excluded by the policy, then the insurer is not required to defend. *Id.* This, however, does not address the issue present in this case where the facts in the petition do not establish whether there is even a potential for coverage under the private boatowner's liability policy.

■ The problem here is that by reading the underlying petition broadly, in favor of the insured, it is impossible to know how the boat covered by the policy was used when it left the Brown & Root dock at Port O'Connor. In determining whether or not the personal boatowner's liability policy even possibly provides coverage, the use of the boat is critical.

State Farm's position is that when allegations in pleadings filed against the insured are silent or neutral about an asserted policy exclusion, as they are in this instance, the insurer is not foreclosed from litigating the application of an exclusion by using evidence and facts outside the pleadings in the underlying wrongful death suit. State Farm points out that it does not challenge the veracity of the facts alleged in the underlying pleadings. Rather, its position is that independent of the truth or falsity of the allegations in the Holland petition, the business pursuit exclusion may indicate no coverage and thereby relieve them of their obligation to defend the lawsuit.

■ When the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy, the evidence adduced at the trial in a declaratory judgment action may be considered along with the allegations in the underlying petition. *Gonzales v. American States Ins. Co.*, 628 S.W.2d 184, 186 (Tex.App.—Corpus Christi 1982, no writ).

The issue of whether coverage is lacking under the policy cannot be litigated in the underlying lawsuit because it would conflict with the interest of the insured. *Employers Casualty Co. v. Tilley*, 496 S.W.2d 552, 558 (Tex.1973). Therefore, often, a suit to decide the question of the insurance company's responsibility to defend is brought by its insured after the insurance company has refused to defend a lawsuit. *Fort Worth Lloyds*, 527 S.W.2d at 196. Also, often, after defending an insured in a lawsuit, the insurance company will bring a cause of action against its insured to recover its cost of defense, and at that time litigate its duty to defend the prior lawsuit in which a determination of the insured's liability was rendered.

In the case before us, State Farm brought a declaratory judgment action to determine its responsibility to defend its insured *before* a determination of liability in the underlying lawsuit has been made and, as previously noted, State Farm did not refuse its insured a defense, but rather, is currently defending Williamson's estate. *See Fort Worth Lloyds*, 527 S.W.2d at 196; *Gonzales*, 628 S.W.2d at 185. Where such a course of action is taken by an insurance company, and facts are developed, we see no reason why such facts cannot be used along with facts set out in the underlying plaintiff's petition. *Gonzales*, 628 S.W.2d at 186. This would be a calculated risk the insurance company would take when it seeks a declaratory judgment.

■ Wade relies on the Texas Supreme Court's decision, *Heyden Newport Chemical*, in which an action was filed by an insurance company to recover its cost of *defending* its insured in a prior lawsuit; not, as in the case before us, a declaratory

action brought before a determination of liability of the insured. Wade specifically relies on the following language in *Heyden Newport Chemical*, 387 S.W.2d at 24:

We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof.

In determining the insurer's obligation to defend, the proof of what is alleged is immaterial. If the allegations taken as true, and construed broadly, are sufficient to state a cause of action coming within the terms of the policy, it is the duty of the insurance company to defend the suit. *Id.* (citing *Maryland Casualty Co. v. Moritz*, 138 S.W.2d 1095 (Tex.Civ.App.—Austin 1940, writ ref'd)).

*Heyden Newport Chemical*, however, fails to address the consequences presented in the case before us. In *Heyden Newport Chemical*, the court was able to discern, without addressing the truth or falsity of the allegations and by broadly construing the alleged facts in the plaintiff's petition, whether the claim potentially came within the coverage of the insurance policy. In the instant case, without addressing the truth or falsity of the allegations in the underlying petition in the wrongful death action, and construing the alleged facts broadly, it is impossible to determine whether or not there is coverage under the private boatowner's policy.

■ In its brief to this court, Wade acknowledges that an insurance company, in a declaratory judgment action, should be able to plead and prove, by extrinsic evidence, that the person asking for a defense is actually not covered by the policy when the underlying petition fails to address the issue. *See International Serv. Ins. Co. v. Boll*, 392 S.W.2d 158 (Tex.Civ.App.—Houston [1st Dist.] 1965, writ ref'd n.r.e.) (suit brought by insurance company following defense in underlying suit, not a declarato-

ry action). Although the claim was excluded from coverage, the face of the pleadings filed against the insured did not show that the exclusion applied. Additionally, Wade acknowledges that extrinsic evidence should be allowed to show that the vehicle being operated was not a vehicle insured by the alleged automobile policy. *See Cook v. Ohio Casualty Ins. Co.*, 418 S.W.2d 712 (Tex.Civ.App.—Texarkana 1967, no writ). *Cook* involved an automobile policy which contained an exclusion for damages arising when an insured drove an automobile owned by a relative who resides in the same house as the insured. As in *Boll*, although the claim was excluded from coverage, by solely looking at the face of the pleadings filed against the insured, there was no indication that the exclusion applied.

The problem in this case is that by reading the underlying petition broadly, in favor of the insured, it is impossible to determine if the claim is potentially within the coverage under the policy. It is impossible to know how the boat was used when it left the Brown and Root dock at Port O'Connor. To determine whether there is coverage and a duty to defend, the use of the boat must be ascertained. The underlying petition in the Holland wrongful death lawsuit does not address this issue.

Many times an underlying petition may not include facts that would invoke an exclusion or allege facts that would thereby render the claim as not within coverage. For this reason, the courts have recognized an insurance company's ability to bring a declaratory judgment action prior to a determination of liability on the underlying suit. *Burch*, 442 S.W.2d at 332.

Texas courts allow extrinsic evidence to be admitted to show a lack of a duty to defend. We conclude that the underlying petition, read broadly, does not address the issue of how the boat was used, which is an essential fact for determining coverage under this private boat-owner's policy, and whether State Farm has a duty to defend the wrongful death suit. It makes no sense to us, in light of these holdings, to say that extrinsic evidence should not be admitted to show that an instrumentality (boat) was being used for a purpose explicitly excluded from coverage particularly, when doing so does not question the truth or falsity of any facts alleged in the underlying petition filed against the insured.

We reverse the dismissal and remand for further proceedings, finding that State Farm's petition states a cause of action for which relief may be granted.

Concurring opinion by DORSEY, J., joined by GILBERTO HINOJOSA, J.

DORSEY, Justice, concurring.

This is a declaratory judgment action in which appellant, State Farm Fire and Casualty, seeks a declaration that it does not have to defend an insured on a policy of liability insurance. Special exceptions to the company's live pleadings were sustained and the cause dismissed. This appeal resulted.

The majority holds that the trial court erred in sustaining the special exceptions and dismissing the declaratory judgment action.[1] I concur with that holding. I disagree with the majority's observations in *dicta* that State Farm may present evidence other than the plaintiff's pleadings in the underlying lawsuit.

I would hold only the pleadings of the claimant should be allowed as evidence to determine whether the boat trip that was

1. The use of special exceptions to question a declaratory judgment action is unusual. We find special exceptions used in declaratory judgment actions in few cases in Texas, the most recent being *Providence Lloyds v. Blevins*, 741 S.W.2d 604 (Tex.App.—Austin 1987, no writ). In *Blevins*, the court held there was no justiciable controversy between the parties. *Id.* at 606. In other cases, special exceptions have been used to challenge the court's jurisdiction over the matter in controversy. *See Hilley v. Hilley*, 305 S.W.2d 204 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.); *Stecher v. City of Houston*, 272 S.W.2d 925 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e.). However, courts have yet to determine the merits of using special exceptions to test pleadings in a declaratory judgment action, when a determination of one's rights under a contract is the judgment being sought.

the basis of the injuries was business or pleasure. Whether the incident made the basis of the suit against the insured was covered by the policy should be determined solely from the plaintiff's pleadings in the underlying lawsuit.

"An insurer is required to defend only those cases within the policy coverage. Furthermore, the insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage. If the petition only alleges facts excluded by the policy, the insurer is not required to defend." *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982); *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965).

The allegations must be considered in light of the policy provisions, without determining the truth or falsity of those allegations. *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973); *Heyden Newport*, 387 S.W.2d at 24. What the parties know or believe the true facts to be, and any reference to the legal determination thereof, should not be considered when discerning the insurance company's duty to defend. *Heyden Newport*, 387 S.W.2d at 24.

"The general rule is that the duty to defend is based on the allegations of the plaintiff's complaint. The duty arises where there is a possibility of coverage. And the allegations are taken as true for the purpose of determining the duty to defend. The allegations must be liberally construed, thereby resolving all doubts in favor of the insured. The duty exists regardless of the outcome of the case." Couch On Insurance 2d (Rev. ed.) § 51.42 (1982).

Texas courts have allowed facts outside the pleadings to be admitted into evidence to prove the existence of the insurance contract—that is, who or what is insured. No courts have allowed evidence of the specific occurrence to determine whether the occurrence itself is covered by the policy, however. In *International Serv. Ins. Co. v. Boll*, 392 S.W.2d 158 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.), the in-

sured's son, Roy Hamilton Boll, was driving the insured automobile when he had an accident. The insured's policy stated that Roy Hamilton Boll was not covered under the policy. The policy did not identify Roy as the insured's son, however. In the lawsuit, the plaintiff's pleadings stated that the insured's son was driving the car, but did not state the son's name. The parties stipulated, however, that Roy Hamilton Boll was the only son of the insured. The court allowed the stipulated evidence in making the threshold determination that Roy was not an insured under the policy, thereby absolving the insurance company of a duty to defend him in the lawsuit. *Id.* at 161.

In *Cook v. Ohio Casualty Ins. Co.*, 418 S.W.2d 712 (Tex.Civ.App.—Texarkana 1967, no writ), the court allowed both stipulations and affidavits that Cook, who was driving her mother's car when she had an accident, was not an insured under her mother's automobile insurance policy. *Id.* at 715.

Conversely, this Court refused entry of evidence tending to show that the insured did not own a piece of equipment which injured the plaintiff in *Gonzales v. American States Ins. Co.*, 628 S.W.2d 184 (Tex. App.—Corpus Christi 1982, no writ). This court held that the allegation that the insured owned the piece of equipment conclusively established coverage, and no evidence to the contrary was admitted. *Id.* at 187.

The Supreme Court has held, "if the petition only alleges facts excluded by the policy, the insurer is not required to defend." *McManus*, 633 S.W.2d at 788. Similarly, if the petition only alleges facts that are covered by the policy, a duty to defend exists. Between these two poles, the presumptions of coverage exist.

Extrinsic evidence regarding coverage is admitted in very limited circumstances. The insurance contract is the basis of the obligation to defend. Proof that the named party defendant in the underlying lawsuit is covered by the policy is fundamental, as is whether the property involved is insured. However, when determining whether the

event giving rise to the insured's liability is covered, we look only to the pleadings of the claimant.

I concur in the majority's holding that the dismissal was improper and that the case should be reversed and remanded for trial. I disagree with the majority's observations that evidence other than the claimant's pleadings should be allowed to determine if the incident sued upon is within the policy's coverage.

GILBERTO HINOJOSA, J., joining in concurrence.

