ACCEPTANCE INSURANCE
CO., Plaintiff,

v.

Kenneth HOOD, Individually and d/b/a A.A.A. Plumbing, Kenneth L. Hood Enterprises, Inc. d/b/a Exotics, and Kenneth L. Hood Enterprises, Inc. d/b/a A.A.A. Plumbing, Defendants.

No. 1:95 CV 20.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 21, 1995.

Patrick McCaffrey, Jr., of Bush and McCaffrey, Houston, TX, for plaintiff.

Mickey Randolph Olmstead and Joe Wheat, Jr. of Law Offices of Thomas J. Sibley, Beaumont, TX, for defendants.

*MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

SCHELL, Chief Judge.

Before this court is Acceptance Insurance Company's ("Plaintiff") Motion for Summary Judgment filed on June 26, 1995. Defendants filed a response on August 2, 1995, followed by Plaintiff's reply filed August 11, 1995. Upon consideration of the motion, the response, the reply, and applicable case law, this court is of the opinion that Plaintiff's motion should be GRANTED.

### FACTS

This lawsuit arose from an incident that occurred on August 28, 1993. On that date, Kenneth Hood owned a piece of property located at South Pine Island Road, Route 5 Box 154, Beaumont, Texas. On the premises, Hood maintained his residence and operated two business ventures. From this location, Hood based and operated a sole proprietorship plumbing business known as A.A.A. Plumbing. In addition, Hood operated a corporation dealing in exotic animals and known as Kenneth L. Hood Enterprises, Inc. d/b/a Exotics. Notably, Exotics owned a bengal tiger which was kenneled on the South Pine Island Road premises.

Eric Chopen was an employee of A.A.A. Plumbing. On the morning of August 28, 1993, Chopen arrived at Hood's premises to report for work. Apparently, it was routine for A.A.A. Plumbing employees to arrive at Hood's premises in the morning because the A.A.A. Plumbing trucks were parked overnight on Hood's premises. The plumbing employees would load the trucks, leave Hood's property and report to the plumbing job scheduled for that day. Sometime during the morning of August 28th, Chopen entered the animal pens located on Hood's property and wandered into an area occupied by the bengal tiger. Subsequently, the tiger administered mortal wounds to Chopen's head and neck.

As a result of Chopen's death, Chopen's estate brought a wrongful death action against Defendants in the 136th District Court of Jefferson County, Texas. Hood held an insurance policy with Plaintiff during the time of the accident. Pursuant to this insurance policy, Defendants requested Plaintiff to provide a defense in the underlying state action. Although Plaintiff is currently providing a defense under a reservation of rights agreement, Plaintiff brought this declaratory action seeking a declaration that Plaintiff has no duty to defend or indemnify Defendants under the insurance policy. While the court has stayed the issue of indemnification, presently before the court is Plaintiff's motion for summary judgment requesting a declaration that Plaintiff has no duty to defend the Defendants in the pending state action. In response, Defendants claim that this event is covered by Hood's insurance policy with Acceptance Insurance Company and, therefore, Acceptance Insurance Company has a duty to defend them in the state action.

### SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) states that a summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Under Rule 56, when a movant has the burden of proof, the movant must establish every essential element of his claim and prove that he is entitled to a judgment as a matter of law. In making this determination, "[f]act questions must be considered with deference to the nonmovant," and all inferences thereof should be drawn in favor of the nonmovant. *Sterling Property Mgmt., Inc. v. Texas Commerce Bank,* 32 F.3d 964, 966 (5th Cir.1994).

## DISCUSSION

In deciding whether an insurer has a duty to defend its insured in an underlying suit, Texas law requires a court to consider the plaintiff's complaint or petition and the insurance policy. This analysis commonly has been called the "eight corners" rule. *Cullen/Frost Bank v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 255 (Tex.App.—Dallas 1993, writ denied). The factual basis of this determination should be established solely by the allegations in the pleadings filed in the underlying suit. *American Physicians Ins. Exchange v. Garcia*, 876 S.W.2d 842, 847–48 (Tex.1994). And a court must view these allegations within the context of the contractual coverage offered by the insurance policy. Thus, "[t]he duty to defend arises if the factual allegations against the insured, when fairly and reasonably construed, state a cause of action potentially covered by the policy." *Cullen/Frost Bank*, 852 S.W.2d at 255; *accord Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied). However, "[i]f a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Garcia*, 876 S.W.2d at 848.

In making this determination, a court should view the pleadings of the underlying suit in the light most favorable to the insured and "indulge a liberal interpretation of the meaning of those allegations." *Cullen/Frost Bank*, 852 S.W.2d at 255. In addition, "insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage." *Houston Petroleum Co.*, 830 S.W.2d at 155. With every inference made in favor of an insured, "[a]ny doubt as to whether the complaint states a covered cause of action is resolved in the insured's favor." *Cullen/Frost Bank*, 852 S.W.2d at 255.

With this guidance, the court undertakes the task of determining whether the underlying state petition and Defendants' insurance policy require Plaintiff to defend Defendants in the state action. To accomplish this endeavor, the court first looks to the allegations found in the state court petition. The petition alleges that: Chopen was mauled by a bengal tiger while he was on Defendants' property located at South Pine Island Road, Rt. 5 Box 154, Beaumont, Jefferson County, Texas; Defendants owned the bengal tiger; and, Chopen's injuries and subsequent death were proximately caused by the wrongful acts, conduct, negligence and carelessness of Kenneth Hood, individually and d/b/a A.A.A. Plumbing, Kenneth L. Hood Enterprises, Inc. d/b/a Exotics, and/or Kenneth L. Hood Enterprises, Inc. d/b/a A.A.A. Plumbing. *Defendants' Response to Plaintiff's Motion for Summary Judgment*, Exhibit A, ¶ II–III.

The court next must analyze these allegations and decide whether they are covered by Defendants' policy GLA 17–81–06. The named insured of this policy is A.A.A. Plumbing, as a sole proprietorship, and the policy was valid for the period beginning on June 28, 1993 and ending on June 28, 1994. The policy proclaims to be a "Manufacturers' and Contractors' Liability" policy issued to A.A.A. Plumbing as a sole proprietorship. *Plaintiff's Motion for Summary Judgment*, Exhibit B, p. 3. As such, it covers plumbing activities undertaken and completed by Hood and A.A.A. Plumbing. The boundaries of this policy are defined in two separate coverage forms included with the policy. These forms are entitled: (1) "Manufacturers' and Contractors' Liability Insurance Coverage for Premises and for the Named Insured's Operations in Progress" and (2) "Completed Operations and Products Liability Insurance." The first coverage form for premises and operations in progress states, "The insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto." *Id.*, Exhibit B, p. 6. Directly below this clause, the form lists only "Plumbing + U" hazards occurring on the premises or during operations as covered hazards. No other activities are listed as covered activities. The policy identifies "Plumbing + U" hazards by Code Number 17185u, *Id.*, Exhibit B, p. 6, and interprets plumbing hazards to include "gas, steam, hot water or other pipe fitting—including house

connections, shop and retail stores or display rooms." *Id.*, Exhibit B, p. 15. The second coverage form for completed operations and products liability extends coverage to the same extent as the premises and operations in progress form. *Id.*, Exhibit B, p. 9.

Defendants argue that Chopen's death is covered by the policy because the incident arose out of Chopen's activities as an A.A.A. Plumbing employee. Defendants contend that Chopen's death was inextricably intertwined with the plumbing business because Chopen's presence on Hood's premises was a function of his employment with A.A.A. Plumbing.[1] However, the fact that Chopen was an employee of A.A.A. Plumbing will not bring this incident within the aegis of the policy. Rather, the fact that Chopen was injured while acting in his capacity of an A.A.A. Plumbing employee fixes this case soundly outside of the policy's coverage. The policy states, "This insurance does not apply: (i) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity." *Id.*, Exhibit B, p. 14. The fact that Chopen was an employee of Hood and A.A.A. Plumbing acting within the course and scope of his employment precludes coverage for Chopen's death.

Additionally, because policy GLA 17–81–06 limits coverage to only Hood and A.A.A. Plumbing's plumbing activities, the Chopen incident does not fall within the coverage of the policy. Clearly, the policy would not cover incidents stemming from the behavior of a bengal tiger. The policy states that it provides coverage for events stemming from Hood and A.A.A. Plumbing plumbing work, activities or operations. The covered operations include normal plumbing work such as gas, steam, hot water or other pipe fittings. The mauling of Chopen by a tiger does not fit within this grouping. The animal pens are completely unrelated to Hood's plumbing business and lie outside of the defined coverage listed in the policy.

Because Chopen's death did not arise or stem from A.A.A. Plumbing's plumbing activities, and because Chopen was an employee of A.A.A. Plumbing, and he was at Hood's home in the course of his employment according to Hood's own undisputed affidavit, policy GLA 17–81–06 does not provide coverage for Chopen's death. Consequently, Plaintiff does not have a duty to defend Defendants in the underlying state action for Chopen's death. Likewise, because Plaintiff has no duty to defend Defendants, any future claim for indemnification is also foreclosed. *River Entertainment*, 998 F.2d at 315. It is, therefore, ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

### FINAL JUDGMENT

This final judgment is entered pursuant to FED.R.CIV.P. 58 and the court's "Memorandum Opinion and Order Granting Plaintiff's Motion for Summary Judgment" signed August 21, 1995.

---

1. While the fact that Chopen was an A.A.A. employee was not contained in the underlying state petition, the court relies upon the affidavit tendered by Defendants. In their response to the Plaintiff's motion, Defendants argued that Chopen was acting within the course and scope of his employment and tendered Hood's affidavit in support. Normally, a court may only look to the state petition to determine if an insurer has a duty to defend; however, in limited circumstances, a court may consider extrinsic evidence in making this determination. *State Farm Fire & Casualty Co. v. Wade*, 827 S.W.2d 448, 452–53 (Tex.App.—Corpus Christi 1992, writ denied).

"When the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy," extrinsic evidence may be considered. *Id.* at 452. Frequently, state petitions will be broadly drafted with little detail. Consequently, an underlying petition may not include sufficient facts to consider the applicability of a particular exclusion. *Id.* at 453. In these circumstances, when the petition does not provide facts which would allow a court to consider an exclusion which is essential for determining coverage under the policy, a court may "look to extrinsic evidence in order to adequately address the issue." *Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 313 (5th Cir. 1993); *Wade*, 827 S.W.2d at 452–53.

In the case at bar, it is impossible to determine whether Chopen was an employee of A.A.A. Plumbing from the state petition. Because this question is particularly germane to the issue of coverage, the court will consider Hood's affidavit.

In accordance with the ruling set forth in the aforementioned memorandum opinion and order, it is ORDERED and ADJUDGED that the Plaintiff does not have a duty to defend Defendants in the underlying state action for Eric Chopen's death. Accordingly, it is further ORDERED that Defendants shall take nothing by virtue of their indemnification claims against Plaintiff.