# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

No 13-50469
Summary Calendar

STAR-TEX RESOURCES, L.L.C.; MARIANA ESQUIVEL,

Plaintiffs-Appellants

v.

GRANITE STATE INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-326

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Both Plaintiffs-Appellants—Star-Tex Resources, L.L.C. ("Star-Tex") and Mariana Esquivel ("Esquivel")—and Defendant-Appellee—Granite State Insurance Co. ("Granite State")—moved for summary judgment before the magistrate judge[1] on what is, at base, an insurance-coverage dispute. The magistrate judge granted Granite State's motion and denied Star-Tex and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Both sides consented to trial by magistrate judge.

No. 13-50469

Esquivel's motion.  Star-Tex and Esquivel have now appealed.  For the reasons that follow, we AFFIRM.

## BACKGROUND

The lawsuit underlying this appeal is a declaratory action seeking to determine insurance coverage.  The lawsuit underlying that action is a tort suit brought by Eddie Siegmund ("Siegmund") in Texas state court against Star-Tex and Esquivel.  Siegmund alleges that he was injured in an automobile collision caused by Esquivel and based on negligence, negligent-hiring, and respondeat superior theories of liability.  Specifically, Siegmund alleged that

> [o]n or about June 29, 2010, [Siegmund] was seriously injured in an automobile collision caused by the negligence of Defendant Esquivel, an employee of Star-Tex Resources. Defendant Esquivel was under the influence of alcohol and/or drugs at the time of the collision.

Star-Tex is a staffing company based in Austin, Texas that sends its employees to other companies for temporary-staffing purposes.  As relevant here, Star-Tex contracted with a company called Auto Auction, which buys and sells cars, to supply temporary staff.  Esquivel was staffed to Auto Auction when Siegmund, an Auto Auction employee, was struck and injured by a vehicle owned by Auto Auction while he was walking in the Auto Auction lot.

When Star-Tex and Esquivel were notified of Siegmund's lawsuit, they requested defense from Granite State, Star-Tex's insurer.  The plaintiffs sent Granite State a General Liability Notice of Occurrence/Claim, which stated that "Mariana Esquivel( an employee of Star-Tex) put car in motion pinning Eddie Siegmund between t[w]o cars causing injury."  The notice further stated that "Mariana[] Esquivel was the Star-Tex employee driving the car.  She tested positive for drugs."

On evaluating the plaintiffs' requested defense, Granite State denied coverage on the basis that the claims asserted in Siegmund's suit were barred

by the auto-exclusion exception in Star-Tex's insurance policy with Granite State. Effective June 4, 2010, Granite State insured Star-Tex with commercial-property and commercial-general-liability insurance, providing coverage through June 4, 2011. The policy provides that Granite State

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Included in the definition of "the insured" are "your 'employees', other than either your 'executive officers' . . . or your managers . . . , but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business."

> The auto exclusion excepts from coverage:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated or rented or loaned to any insured.

Following Granite State's denial of coverage, Star-Tex and Esquivel filed a declaratory action in Texas state court (subsequently removed to federal court) asking the court to declare that Granite State erred in its denial-of-coverage determination and that Star-Tex and Esquivel were entitled to full

coverage under the policy. Additionally, the declaratory action sought to determine whether Granite State owed the plaintiffs duties to defend and indemnify in Siegmund's underlying suit.

Both parties moved for summary judgment. Granite State moved for summary judgment on the basis that, under the "eight-corners" rule, which governs an insurer's duty to defend in Texas, courts must make the reasonable inference that Esquivel was driving an automobile at the time of the collision, which would trigger the insurance policy's auto exclusion and negate any duties to defend and indemnify on the part of Granite State. Star-Tex and Esquivel moved for summary judgment on the basis that the eight-corners rule requires courts to construe their claim broadly and expansively, resolving all doubts in favor of coverage. Because, according to the plaintiffs, Sigemund's underlying complaint asserts a *potentially* covered claim, Granite State's duty to defend was triggered. Further, the plaintiffs reason that the auto exclusion does not apply because the complaint does not state that Esquivel was driving or operating an automobile at the time of the collision. On review of the parties' respective arguments, the magistrate judge granted Granite State's motion and denied Star-Tex and Esquivel's motion. Star-Tex and Esquivel subsequently appealed.

## STANDARD OF REVIEW

"We review de novo a district court's award of summary judgment, applying the same standard as the district court." *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 690 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d

404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "On cross-motions for summary judgment, we review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). An insurer's duty to defend is a question of law that we review *de novo*. *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 471-72 (5th Cir. 2009).

## DISCUSSION

"When, as here, jurisdiction is based on diversity, we apply the forum state's substantive law." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). In this case, both parties agree that Texas law applies, and so we discuss and apply (1) Texas's eight-corners rule, (2) a relevant exception to that rule recognized by this court, and (3) Texas law regarding an insurer's duty to indemnify.

## I.

"Under the eight-corners or complaint-allegation rule, an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006); *see also Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008) ("Thus, '[e]ven if the allegations are groundless, false, or fraudulent the insurer is obligated to defend.'" (quoting 14 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 200:19 (3d ed. 2007)) (alteration in original)). "The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant." *GuideOne*, 197 S.W.3d at 308. Importantly, "[f]acts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations

against the insured are liberally construed in favor of coverage." *Id.*; *see also Zurich*, 268 S.W.3d at 491 ("The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit.").

Under Texas law, the insured bears the burden of establishing that the insurance policy covers the claim. *See Northfields Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004). At that point, "to defeat the duty to defend, the insurer bears the burden of showing that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight corners rule." *Id.* In evaluating whether each side has satisfied its respective burden, the Texas Supreme Court has directed courts applying Texas law to "resolve all doubts regarding the duty to defend in favor of the duty and . . . construe the pleadings liberally." *Zurich*, 268 S.W.3d at 491 (citation omitted). "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage," however, "the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *Id.* (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)) (internal quotation marks omitted). "Thus, the duty to defend arises only when the facts alleged in the complaint, if taken as true, would potentially state a cause of action falling within the terms of the policy." *Northfield*, 363 F.3d at 528.

In undertaking this analysis, ordinarily "[c]ourts may not[] . . . (1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage." *Guar. Nat'l Ins. Co. v. Azrock Indus.*, 211 F.3d 239, 243 (5th Cir. 2000). However, "we may draw inferences from the petition that may lead to a finding of coverage." *Gen. Star Indem. Co. v. Gulf Coast Marine Assocs.*, 252 S.W.3d 450, 456 (Tex. App. 2008). Accordingly,

when a court applies the eight-corners rule, it must consider "any reasonable inferences that flow from the facts alleged." *Lib. Mut. Ins. Co. v. Graham*, 473 F.3d 596, 601 (5th Cir. 2006) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 645 (Tex. 2005)).

Siegmund's suit asserts that he was "seriously injured in an automobile collision caused by the negligence of . . . Esquivel," who was "under the influence of alcohol and/or drugs at the time of the collision."[2] Apart from that, however, the complaint is short on factual allegations. Nevertheless, Granite State argues that the auto exclusion applies because it is reasonable to infer from the complaint that Esquivel was operating a vehicle at the time she allegedly caused the collision. Granite State also reasons that the fact that Siegmund sued only Esquivel and no one else underscores that it is reasonable to infer that Esquivel was operating a vehicle. Any other assumption, according to Granite State, would impermissibly imagine factual scenarios not capable of reasonable inference based on the pleadings.

However, whereas Granite State's inference is a reasonable one, it is not the *only* reasonable inference that we may draw from the complaint. Other reasonable inferences are possible that would not place Esquivel in an automobile at the time of the accident. For example, Star-Tex and Esquivel argue that it would be reasonable to infer from the complaint that Esquivel caused the accident while directing traffic in the Auto Auction lot or while walking in the lot, causing another driver to swerve and hit Siegmund. Both are reasonable inferences based on the complaint and both would explain why Siegmund supposedly brought suit only against Esquivel. Because the

---

[2] The complaint asserts negligence, negligent-hiring, and respondeat superior theories of liability, but we have said that "[i]t is the factual allegations, not the legal theories, that control" our analysis. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 369 (5th Cir. 2008).

No. 13-50469

allegations in the underlying complaint—which can charitably be described as terse—lend themselves to multiple reasonable inferences, we cannot determine, based solely on the pleadings, whether there is a potentially covered claim. *Compare Ooida*, 579 F.3d at 475 ("The underlying complaint does not establish Moses'[s] role in the truck at the time of the accident; thus, determination of his status as tandem driver"—necessary to determine whether the insurance policy's fellow-employee exclusion applied—"requires consideration of evidence outside the eight corners of the complaint and the Policy.").

## II.

Our conclusion that the pleadings alone do not permit a determination concerning the issues of coverage and Granite State's duty to defend does not end the analysis. Granite State asserts that we may consider extrinsic evidence in determining the duties it owes to Star-Tex and Esquivel in the event that Siegmund's complaint is insufficiently precise to determine coverage. We conclude that there is a limited exception to the eight-corners rule that, under the circumstances of this appeal, allows us to consider extrinsic evidence.

"Although [the Texas Supreme Court] has never expressly recognized an exception to the eight-corners rule, other courts have." *GuideOne*, 197 S.W.3d at 308; *see, e.g.*, *Northfield*, 363 F.3d at 531. "Generally, these courts have drawn a very narrow exception, permitting the use of extrinsic evidence only when relevant to an independent and discrete coverage issue, not touching on the merits of the underlying third-party claim." *GuideOne*, 197 S.W.3d at 308 & n.2 (collecting cases). For instance, this court has *Erie* guessed that "if [the Texas Supreme Court] were to recognize an exception to the eight-corners rule, it would likely do so under [these] circumstances." *Id.* at 308-09.

8

Specifically, this court has *Erie* guessed that the Texas Supreme Court would recognize an exception to the eight-corners rule "when it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *See Northfield*, 363 F.3d at 531. Importantly, we have said that "[i]n *GuideOne*, the Supreme Court of Texas cited this language from *Northfield* with approval, though it held that the circumstances of the case before it did not meet the conditions of the exception." *Ooida*, 579 F.3d at 475-76 (citation omitted).[3] Accordingly, we concluded in *Ooida* that "*GuideOne* supports our '*Erie* guess' that the limited conditions of an exception to the eight corners rule exists here." *Id.* at 476.[4]

Further, we have suggested that extrinsic evidence is more likely to be considered when an "explicit policy coverage exclusion clause[]" is at issue. *See Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 603 (5th Cir. 2006); *see also Oodia*, 579 F.3d at 476 (considering extrinsic evidence to determine whether

[3] We note that Granite State incorrectly describes *GuideOne* as failing to reject the extrinsic-evidence exception despite having had the opportunity to do so. In *GuideOne*, the insurer "relie[d] on extrinsic evidence that [was] relevant *both* to coverage *and* the merits and thus [did] not fit the . . . exception to the rule." 197 S.W.3d at 309 (emphasis added). Because the insurer failed to satisfy even the limited exception recognized by this court, the *GuideOne* court had no opportunity to reject our exception to the eight-corners rule. *See id.* at 309-10.

[4] Star-Tex and Esquivel state that Texas courts have specifically declined to consider extrinsic evidence under the eight-corners rule. However, we observed in *Northfield* that "certain Texas appellate courts[] . . . have appeared to recognize a narrow exception" to the eight-corners rule. 363 F.3d at 528 & n.1 (citing *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 452-53 (Tex. App. 1992); *Gonzales v. Am. States Ins. Co.*, 628 S.W.2d 184, 187 (Tex. App. 1982); *Cook v. Ohio Cas. Ins. Co.*, 418 S.W.2d 712, 715-16 (Tex. App. 1967); *Int'l Serv. Ins. Co. v. Boll*, 392 S.W.2d 158, 161 (Tex. App. 1965)). Further, the plaintiffs ignore that *this court* has endorsed the exception. Absent a change in law announced by the Texas Supreme Court, a subsequent panel of this court may not overlook or ignore a prior panel's *Erie* guess.

deceased was tandem truck driver because coverage depended on applicability of fellow-employee exclusion); *W. Heritage Ins. Co v. River Entertainment*, 998 F.2d 311, 314-15 (5th Cir. 1993) (considering extrinsic evidence demonstrating that cause of defendant's "impairment" was intoxication, triggering application of insurance policy's liquor-liability exclusion); *Boll*, 392 at 160-61 (considering extrinsic evidence that underlying car accident occurred while insured's son was operating the vehicle, thereby excluding coverage).  Because coverage and Granite State's duty to defend in this case depend on the application of an "explicit policy coverage exclusion clause"—namely, the auto exclusion—it is more likely that extrinsic evidence may be considered.  *See Graham*, 473 F.3d at 603.

Granite State argues that, if we look beyond the eight corners, we should consider the undisputed extrinsic evidence that Esquivel was driving a car, put the car in motion, and pinned Siegmund between the car and another car, thus causing him injury and thereby triggering the auto exclusion.  First, however, we must consider, based on the underlying complaint, whether "it is initially impossible to discern whether coverage is potentially implicated." *Northfield*, 363 F.3d at 531.  We believe that it is.  The complaint contains only one, brief sentence describing the facts of the accident.  Importantly, it contains no description of *how* Esquivel caused the collision.  Because Granite State's duty to defend hinges on what Esquivel was doing when she caused the accident, "[s]uch an explanation is critical to the question of coverage" under the policy. *W. Heritage*, 998 F.2d at 315 (considering extrinsic evidence because it was impossible, based on the vague allegations in the complaint, to determine the basis of the defendant's impairment when causing a car accident).  In this respect, we find the magistrate judge's reasoning persuasive:

> Siegmund's petition triggered the potential application of the Auto Exclusion in alleging he was injured in an "automobile collision."

Had Siegmund's petition alleged only an accident without referencing an automobile or collision, it would have stated a potentially covered claim and the Auto Exclusion would not have applied. Alternatively, had the petition stated Esquivel was "driving" or "operating" at the time she negligently caused the collision, this case would fall squarely within the Auto Exclusion. Because Siegmund's petition triggers a potential exclusion but omits a fundamental fact—how Esquivel's negligence caused the collision that harmed Siegmund—the first requirement to permit the Court to consider evidence outside the eight corners of the complaint is satisfied.

Second, we must consider whether "the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield*, 363 F.3d at 531. We conclude that the extrinsic evidence here goes to coverage because it establishes that Esquivel, an "insured" within the meaning of the insurance policy, was operating a vehicle at the time of the accident, triggering the auto exclusion. Moreover, the evidence goes only to coverage. It does not overlap with the merits of the underlying dispute because the mere fact that Esquivel was operating a motor vehicle does not establish her negligence or relate to Siegmund's negligent-hiring or respondeat superior claims. Further, the evidence does not engage in the truth or falsity of any fact alleged, particularly given the paucity of facts contained in Siegmund's terse complaint.

Thus, considering this undisputed, extrinsic evidence in addition to the eight corners, we conclude that the auto exclusion applies, bars coverage, and removes Granite State's duty to defend Star-Tex and Esquivel in the underlying lawsuit.

## III.

Finally, we must consider Granite State's motion for summary judgment with respect to its duty to indemnify Star-Tex and Esquivel. "[T]he duty to

defend is distinct from, and broader than, the duty to indemnify." *Zurich*, 268 S.W.3d at 490 (alteration in original) (quoting COUCH ON INSURANCE § 200:1) (internal quotation marks omitted). "[T]he facts actually established in the underlying suit determine whether the insurer must indemnify its insured." *Id.* Thus, "[g]enerally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless '*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*'" *Northfield*, 363 F.3d at 529 (quoting *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.3d 81, 84 (Tex. 1997)).[5] In this case, because there is no duty to defend in the underlying lawsuit due to of the auto exclusion, the same reason that negates that duty likewise precludes any possibility that Granite State will have to indemnify Star-Tex and Esquivel. Accordingly, we conclude that Granite State has no duty to indemnify Star-Tex and Esquivel.

## CONCLUSION

For the foregoing reasons, we AFFIRM the magistrate judge's grant of summary judgment in favor of Granite State and also AFFIRM the magistrate judge's denial of summary judgment in favor of Star-Tex and Esquivel.

---

[5] Perhaps recognizing that Granite State's duty to indemnify depends on the insurer's duty to defend, Star-Tex and Esquivel offer no argument with respect to the magistrate judge's duty-to-indemnify ruling.