# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10721

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2019

Lyle W. Cayce
Clerk

STATE FARM LLOYDS,

       Plaintiff–Appellee,

v.

JANET RICHARDS; MELVIN RICHARDS; AMANDA CULVER MEALS;

       Defendants–Appellants.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-753

Before ELROD and WILLETT, Circuit Judges.*

PER CURIAM:**

In summer 2017, a 10-year-old died in an ATV accident at his grandparents' house. The boy's mom sued the grandparents, the Richards. The Richards asked their insurer, State Farm, to defend (and if necessary, indemnify) them. But State Farm refused and sought a declaration in federal court that it had no duty to defend or indemnify.

---

  \* This matter is being decided by a quorum. 28 U.S.C. § 46(d).

  \*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10721

In doing so, State Farm relied on extrinsic evidence. The Richards argued that the district court could not consider that evidence under Texas's eight-corners rule. This case thus involves important and determinative questions of Texas law, as to which there is no controlling Texas Supreme Court precedent. So we decline to make an *Erie* guess and instead certify questions to the Supreme Court of Texas.

**CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO ART. 5, § 3-C OF THE TEXAS CONSTITUTION AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE.**

**TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:**

### I. STYLE OF THE CASE

The style of the case is State Farm Lloyds, Plaintiff–Appellee, v. Janet Richards, Melvin Richards, and Amanda Culver Meals, Defendants–Appellants, in the United States Court of Appeals for the Fifth Circuit, on appeal from the judgment of the United States District Court for the Northern District of Texas, Fort Worth Division. Federal jurisdiction over the issues presented in this case is based on 28 U.S.C. § 1332.

### II. STATEMENT OF THE CASE

Jayden Meals was killed in an all-terrain vehicle accident while under the temporary care of his grandparents, the Richards. Jayden's mother sued the Richards in Texas state court, essentially alleging they were negligent in failing to supervise and instruct Jayden. The Richards sought a defense from

No. 18-10721

State Farm Lloyds pursuant to their homeowner's insurance policy. That policy required State Farm to provide a defense against a suit for bodily injury.

Specifically, the insurance policy requires State Farm to provide a defense "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies, caused by an occurrence."

State Farm initially defended this suit pursuant to a reservation of rights, but later sought a declaration that it had no duty to defend or indemnify the Richards. In a summary-judgment motion, State Farm argued that two exclusions barred coverage.

The first, the "motor-vehicle exclusion," exempts coverage for bodily injury "arising out of the . . . use . . . of . . . a motor vehicle owned or operated by or loaned to any insured." The policy defines "motor vehicle" to include an "all-terrain vehicle . . . owned by an insured and designed or used for recreational or utility purposes off public roads, *while off an insured location.*" The policy defines "insured location" to mean "the residence premises." Thus, the policy excludes coverage for bodily injury arising from the use of an ATV while off the Richards' premises. In support of its summary-judgment motion, State Farm attached a vehicle crash report showing that the accident occurred away from the Richards' premises, as well as the Richards' admissions that the accident occurred off an insured location.

The other exclusion—the "insured exclusion"—excludes coverage for bodily injury to any insured "within the meaning of part a. or b. of the definition of insured." The policy defines "insured" to mean "you and, *if residents of your household*: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." State Farm thus attached the Richards' admission that they were Jayden's grandparents, as well as an order

3

No. 18-10721

from a SAPCR appointing them as joint-managing conservators in order to show that Jayden was a "resident of [the Richards'] household."

The parties filed cross summary-judgment motions. The Richards argued that, under Texas's eight-corners rule, State Farm could not rely on extrinsic evidence to prove up a policy exclusion. The district court disagreed and, finding that the extrinsic evidence satisfied both exclusions, granted summary judgment for State Farm.[1] The district court also held that State Farm had no duty to indemnify.[2]

According to the district court, the eight-corners rule does not apply if a policy does not include language requiring the insurer to defend "all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent."[3] Because the district court concluded that State Farm's duty to defend in this case arose only if a suit was brought to which the coverage applies, it reasoned that extrinsic evidence was admissible to make that determination:

> [T]he policy at issue here is unlike those typically at issue in Texas cases where the duty to defend is defined more broadly than the duty to indemnify. Those cases, in which an insurance policy provides that the insurer must defend any suit brought against its insured "even if the allegations of the suit are groundless, false or fraudulent," rely upon the eight-corners or complaint-allegation rule to determine the duty to defend. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Pursuant to that rule, an insurer's duty to defend is determined by the allegations in the third-party plaintiff's pleadings and the language of the insurance policy at issue. Courts do not go outside the pleadings of the underlying suit except in narrow circumstances where the

---

[1] *State Farm Lloyds v. Richards*, No. 4:17-CV-753-A, 2018 WL 2225084, at *3 (N.D. Tex. May 15, 2018).

[2] *Id.* at *4–5.

[3] *Id.* at *3.

4

court is determining a pure coverage question that may be determined by facts that do not contradict the merits of the underlying claim. *GuideOne*, 197 S.W.3d at 310.

In this case, the policy does not require plaintiff to defend all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent. Rather, the duty to defend arises only if suit is brought to which the coverage applies. Thus, the eight-corners rule is not applicable, *B. Hall Contracting, Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634, 645 (N.D. Tex. 2006), *rev'd on other grounds*, 273 F. App'x 310 (5th Cir. 2008), and plaintiff contends that the court can consider evidence outside Meals's pleading to determine whether the Richards's policy provides coverage for Meals's claims. Plaintiff does not contest the facts pleaded by Meals; rather, it says that additional facts show that there is no coverage.[4]

State Farm makes no attempt to defend the district court's analysis. The Richards and Meals appealed.

### III. LEGAL ISSUES

This is a diversity suit, so Texas law controls. In determining Texas law, we first consider the final decisions of the Supreme Court of Texas.[5] If the Texas Supreme Court hasn't pronounced an opinion on an issue, we may certify the question to the Texas Supreme Court.[6] The Texas Constitution—as well as the Texas Rules of Appellate Procedure—permit that court to "answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent."[7]

The issues in this case concern Texas's eight corners rule and whether a potential extrinsic-evidence exception to that rule applies in this case.

---

[4] *Id.* at *2–3 (docket citations omitted).

[5] *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014); *see also U.S. Metals, Inc. v. Liberty Mut. Grp., Inc.*, 589 F. App'x 659, 661–62 (5th Cir. 2014) (citing *id.*).

[6] *Austin*, 746 F.3d at 196.

[7] TEX. CONST. art. V, § 3-c(a); TEX. R. APP. P. 58.1.

## A.     The Eight-Corners Rule

"In this circuit, courts routinely adjudicate the scope of insurers' duty to defend under Texas law. To this point, both Texas courts and federal courts have consistently applied the eight-corners rule."[8] "Under the eight-corners rule, the duty to defend is determined by the claims alleged in the petition and the coverage provided in the policy."[9] "The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant."[10] "Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations against the insured are liberally construed in favor of coverage."[11]

"Courts have defined the scope of the duty to defend broadly: 'Where the [petition] does not state facts sufficiently to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the [petition] within the coverage of the policy.'"[12] "It is the insured's burden to establish that a claim is potentially within the scope of coverage."[13] "Once the insured has established this, the burden shifts to the insurer to show 'that the plain language of a policy exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight corners rule.'"[14] "Because the only two

---

[8] *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682 (5th Cir. 2012).

[9] *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009) (Willett, J.).

[10] *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

[11] *Id.* (citing *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)).

[12] *Missionary Church*, 687 F.3d at 683 (alteration in original) (quoting *Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 141).

[13] *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir. 2005).

[14] *Id.* (citation omitted).

documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed."[15] Thus, "[r]esort to evidence outside the four corners of these two documents is generally prohibited."[16]

## B.    Extrinsic-Evidence Exception

In *Northfield Ins. Co. v. Loving Home Care, Inc.*, we suggested that if the Texas Supreme Court were to recognize an extrinsic-evidence exception to the eight-corners rule, it would do so only

> when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case.[17]

Although Texas has never expressly adopted this two-pronged exception,[18] this court has assumed its viability because the Texas Supreme Court has cited it with approval.[19] Even so, the Texas Supreme Court has yet to decide a case that fits within this narrow exception.[20]

---

[15] *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012).

[16] *Id.* (citation omitted).

[17] 363 F.3d 523, 531 (5th Cir. 2004).

[18] *See GuideOne*, 197 S.W.3d at 308 ("[T]his Court has never expressly recognized an exception to the eight-corners rule."); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 497 (Tex. 2008) ("[W]hile Maryland has recognized exceptions, in some limited circumstances, to the eight-corners rule, Texas has not.").

[19] *Ooida*, 579 F.3d at 475–76 ("In [*GuideOne*], the Supreme Court of Texas cited this language from *Northfield* with approval, though it held that the circumstances of the case before it did not meet the conditions of the exception."); *id.* at 476 ("We find that *GuideOne* supports our '*Erie* guess' that the limited conditions of an exception to the eight corners rule exists here."); *Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 553 F. App'x 366, 371 (5th Cir. 2014) ("We conclude that there is a limited exception to the eight-corners rule that, under the circumstances of this appeal, allows us to consider extrinsic evidence."); *see also Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 448 (5th Cir. 2018).

[20] *See GuideOne*, 197 S.W.3d at 309–10; *Zurich Am. Ins. Co.*, 268 S.W.3d at 497; *Pine Oak Builders, Inc.*, 279 S.W.3d at 654.

No. 18-10721

In *GuideOne*, the exception did not apply because the extrinsic evidence engaged in the truth or falsity of the facts alleged in the underlying petition, thus failing the second prong.[21] There, the underlying plaintiff alleged she was sexually abused by the insured's employee during a particular timeframe. The insurer, however, introduced evidence showing that the alleged abuser was not employed during the policy's coverage period. The court noted this evidence "directly contradict[ed] the plaintiff's allegations that the [insurer] employed [the abuser] during the relevant coverage period, an allegation material, at least in part, to the merits of the third-party claim."[22] The court also noted that the plaintiff's allegations potentially implicated coverage because "the contract provided that [the insurer] should 'defend any suit brought against [the insured] seeking damages, even if the allegations of the suit are groundless, false or fraudulent'" and "Jane Doe alleged that Evans sexually assaulted her during the policy period and was a youth minister at the Church at the time."[23] The court, however, suggested that extrinsic evidence might be permissible if it concerned only a "pure coverage" question, and provided this example:

> [I]n *International Service Insurance Co. v. Boll*, 392 S.W.2d 158, 160 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.), the insurer refused to defend its insured in an auto-collision case because of a policy endorsement that excluded coverage for "any claim arising from accidents which occur while any automobile is being operated by Roy Hamilton Boll." The plaintiff's petition alleged that the insured's son was driving the insured's car when the accident occurred, but did not otherwise identify the driver. After resolving the third-party claim, the insured sued his insurer to recover his defense costs. During this subsequent litigation, the parties stipulated that the insured's only son, Roy Hamilton Boll, was driving the insured vehicle. The court of appeals concluded that the stipulation established

---

[21] 197 S.W.3d at 309–10.
[22] *Id.* at 310.
[23] *Id.*

8

the accident had not been covered and that the insurer had no duty to defend.

The extrinsic evidence in *Boll*, however, went strictly to the coverage issue. It did not contradict any allegation in the third-party claimant's pleadings material to the merits of that underlying claim.[24]

In *Zurich American Insurance Co. v. Nokia, Inc.*, the Texas Supreme Court again declined to adopt an exception to the eight-corners rule.[25] There, plaintiffs in several underlying lawsuits (five MDL cases) alleged that Nokia's phones resulted in "biological effects" or "biological injury." The policy, however, covered "damages because of bodily injury."[26] Although the court's central holding was that the plaintiffs sought damages because of "bodily injury"—and thus the insurer had a duty to defend—the court's short discussion of the eight-corners rule is relevant.[27] The insurers urged the court to consider one group of plaintiffs' briefs in a separate MDL case which indicated that their claims were solely for economic damages—not bodily injury.[28]

The court rejected this invitation for several reasons, but primarily because Texas had not recognized an exception to the eight-corners rule.[29] The court further noted that "even if we were to recognize [the *Northfield* exception] to the eight-corners rule, this case would not fit within its parameters."[30] In addressing the exception, the court did not reach Nokia's argument that the extrinsic evidence touched on the case's merits (going to the exception's second prong); rather, it foreclosed its analysis at the first prong because the policy

---

[24] *Id.*

[25] 268 S.W.3d at 497.

[26] *Id.* at 491.

[27] *See id.* at 493–97.

[28] *Id.* at 497.

[29] *Id.*

[30] *Id.* at 498.

covered damages because of bodily injury, and that's exactly what the plaintiffs alleged.[31]

The most recent case from the Texas Supreme Court involved five underlying suits alleging water damage due to the insured's defective construction.[32] The policy in that case provided coverage for "those sums that the Insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies," but another provision removed coverage for property damage to the insured's completed work.[33] That exclusion contained an exception "if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."[34] Thus, if the petitions alleged defective work by a subcontractor, then the insurer had a duty to defend.[35] One of the five underlying complaints did not contain any allegations of defective work by a subcontractor, so the insured "submitted evidence that the defective work alleged . . . was performed by subcontractors."[36] The court rejected this evidence because it contradicted the facts alleged in the suit (that only the insured performed the work). Thus, the insurer failed at the second prong.

In sum, there is no controlling Texas Supreme Court caselaw determining whether there's a policy-language exception to the eight-corners rule. And so, we turn to the Texas Supreme Court to answer our certified

---

[31] *Id.* ("We need not reach this issue, however, because here it is not 'initially impossible to determine whether coverage is potentially implicated'—it is." (quoting *GuideOne*, 197 S.W.3d at 309)).

[32] *Pine Oak*, 279 S.W.3d at 651–52.

[33] *Id.* at 653 n.11.

[34] *Id.* at 653.

[35] *See id.* ("[C]overage therefore depends in part on whether the alleged defective work was performed by Pine Oak or a subcontractor.").

[36] *Id.* at 654.

No. 18-10721

question. This is an issue that has been, and will likely continue to be, the subject of insurance litigation throughout this circuit.

## IV. QUESTION CERTIFIED

We hereby certify the following question of law to the Supreme Court of Texas:

1. Is the policy-language exception to the eight-corners rule articulated in *B. Hall Contracting Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634 (N.D. Tex. 2006), a permissible exception under Texas law?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.

\*     \*     \*

QUESTIONS CERTIFIED.

**A True Copy**
**Certified order issued Sep 09, 2019**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

11