# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2020

Lyle W. Cayce
Clerk

No. 18-10721

State Farm Lloyds,

*Plaintiff—Appellee,*

*versus*

Janet Richards; Melvin Richards; Amanda Culver Meals,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-753

Before Elrod and Willett, *Circuit Judges.**

Per Curiam:

In summer 2017, a ten-year-old died in an ATV accident at his paternal grandparents' house. The boy's mom sued the grandparents, the Richards, in state court. The Richards asked their insurer, State Farm, to defend (and if necessary, indemnify) them. But State Farm refused and sought a declaration in federal court that it had no duty to do either. The parties filed cross summary-judgment motions, and the district court granted State Farm's motion. We reverse and remand.

---

* This matter is being decided by a quorum. 28 U.S.C. § 46(d).

No. 18-10721

I

Jayden Meals was killed in an all-terrain vehicle accident while under the temporary care of his grandparents, the Richards. Jayden's mother, Amanda Meals, sued the Richards in Texas state court, alleging they were negligent in allowing Jayden to operate the ATV at his young age, without instruction, supervision, or a helmet or other protective gear. The Richards sought a defense from State Farm Lloyds under their homeowner's insurance policy. That policy requires State Farm to provide a defense against a suit for bodily injury.

Specifically, the insurance policy requires State Farm to provide a defense "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies, caused by an occurrence." And under this policy, an "occurrence" includes "an accident" that "results in . . . bodily injury."

State Farm initially defended this suit under a reservation of rights, but later sought a declaration in federal court that it had no duty to defend or indemnify the Richards. In a summary-judgment motion, State Farm argued that two exclusions barred coverage.

The first, the "motor-vehicle exclusion," exempts from coverage bodily injury "arising out of the . . . use . . . of . . . a motor vehicle owned or operated by or loaned to any insured." The policy defines "motor vehicle" to include an "all-terrain vehicle . . . owned by an insured and designed or used for recreational or utility purposes off public roads, *while off an insured location.*" The policy defines "insured location" to mean "the residence premises." Thus, the policy excludes coverage for bodily injury arising from the use of an ATV while off the Richards' premises. In support of its summary-judgment motion, State Farm attached a vehicle crash report and the Richards' admissions indicating the crash occurred off their premises.

No. 18-10721

The other exclusion—the "insured exclusion"—excludes coverage for bodily injury to any insured "within the meaning of part a. or b. of the definition of insured." The policy defines "insured" to mean "you and, *if residents of your household*: a. your relatives; and b. any other person under the age of 21 who is in the care of a person described above." State Farm thus attached to its motion the Richards' admission that they were Jayden's grandparents, as well as a court order appointing them as joint-managing conservators to show that Jayden was a "resident of [the Richards'] household."

Appellants filed cross summary-judgment motions. They argued that, under Texas's eight-corners rule, State Farm could not rely on extrinsic evidence to prove up a policy exclusion. The district court disagreed and, finding that the extrinsic evidence satisfied both exclusions, granted summary judgment for State Farm. *State Farm Lloyds v. Richards*, No. 4:17-CV-753-A, 2018 WL 2225084, at *3–4 (N.D. Tex. May 15, 2018). The district court also held that State Farm had no duty to indemnify. *Id.* at *4–5.

According to the district court, the eight-corners rule does not apply if a policy does not include language requiring the insurer to defend "all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent." *Id.* at *3 (citing *B. Hall Contracting, Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634, 645 (N.D. Tex. 2006), *rev'd on other grounds*, 273 F. App'x 310 (5th Cir. 2008)). This is the purported "policy-language exception" to the eight-corners rule. Because the district court concluded that State Farm's duty to defend arose only if a suit was brought to which the coverage applies, it reasoned that extrinsic evidence was admissible to make that determination. *Id.* at *3. Appellants timely appealed.

No. 18-10721

This case involves important and determinative questions of Texas law, as to which there is no controlling Texas Supreme Court precedent. So we declined to make an *Erie* guess and instead certified the following question to the Supreme Court of Texas: "Is the policy-language exception to the eight-corners rule articulated in *B. Hall Contracting Inc. v. Evanston Ins. Co.*, 447 F. Supp. 2d 634 (N.D. Tex. 2006), a permissible exception under Texas law?" *State Farm Lloyds v. Richards*, 784 F. App'x 247, 253 (5th Cir.), *certified question accepted* (Sept. 13, 2019). The Supreme Court of Texas answered in the negative: "The 'policy-language exception' to the eight-corners rule . . . is not a permissible exception under Texas law." *Richards v. State Farm*, 597 S.W.3d 492, 500 (Tex. 2020). The Court discussed but declined to weigh in on any other exception to the eight-corners rule. *Id.*

II

Whether an insurer has a duty to defend its insured in an underlying suit is a question of law that we review de novo. *See Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009) (citing *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006)); *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-moving party, the record reflects that no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. *Ooida*, 579 F.3d at 472 (citing FED. R. CIV. P. 56(c)).

III

The underlying dispute in this case concerns whether State Farm must defend its insureds—the Richards—against personal-injury claims brought by Meals. In this diversity suit, we apply Texas law. *See, e.g.*, *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 527 (5th Cir. 2004). And under Texas's well-established eight-corners rule, an insurer's

"duty to defend is determined by the claims alleged in the petition and the coverage provided in the policy." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009). The petition's (or complaint's) "four corners" + the policy's "four corners" = the "eight corners" that give the rule its name. "Only these two documents are ordinarily relevant to the duty-to-defend inquiry." *Ooida*, 579 F.3d at 472 (citation omitted). "If the underlying pleading alleges facts that may fall within the scope of coverage, the insurer has a duty to defend; if, on the other hand, the pleading only alleges facts excluded by the policy, there is no duty to defend." *Id.* (citing *Northfield*, 363 F.3d at 528).

"The duty to defend is determined by consulting the latest amended pleading." *Northfield*, 363 F.3d at 528 (emphasis omitted). Here, that's Meals's third-amended complaint. The insureds have the initial burden to establish that a claim is potentially within the scope of coverage. *Id.* If the Richards carry this burden, it then shifts to State Farm to show "that the plain language of a policy exclusion or limitation allows [it] to avoid coverage of all claims, also within the confines of the eight corners rule." *Id.* (emphasis removed). When determining whether each side has satisfied its burden, the Texas Supreme Court has instructed us—when applying Texas law—to "resolve all doubts regarding the duty to defend in favor of the duty . . . and [] construe the pleadings liberally." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).

A

Turning to Meals's third amended complaint, she alleges facts that possibly implicate coverage under the policy, meaning—according to the eight-corners rule—State Farm would have a duty to defend. In particular, Meals makes the following factual allegations:

> On or about June 11, 2017 . . . Jayden Meals, age 10, was operating, on Defendant, Janet Richards' property, a 2004 Polaris off-road all terrain vehicle . . . , owned by the Defendant, Janet Richards. Defendants allowed Jayden to operate the ATV on their property while Jayden was not wearing a helmet or safety gear. Jayden was killed because of Janet Richards allowing him to operate the ATV on their property, without instruction, without supervision, and without a helmet or other potentially livesaving protective gear. The decision to allow Jayden to operate the motor vehicle or ATV was made at the Richards' house, where the ATV was kept. Jayden had no experience in safely operating an ATV and was too young to be properly trusted with its operation. Jayden resided with his Mother and Grandmother, Sharen Culver, at 727 Jones Road, Weatherford, Parker County, Texas, where he had resided for many years.

In relevant part, the policy provides the following coverage (Coverage L):

> If a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies, caused by an occurrence, we will:
>> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>> 2. provide a defense at our expense by counsel of our choice.

Coverage L, however, explicitly does not apply to bodily injury arising out of the use of an insured's motor vehicle. And the policy's definition of "motor vehicle" includes an insured's ATV "used for recreational or utility purposes off public roads, while off an insured location."

Appellants argue that Meals's complaint repeatedly alleged "the Richards' actionable conduct that gave rise to Jayden's death all occurred *on* the Richards' property," and that those allegations "clearly implicate the Policy coverage for an 'occurrence' occasioned by a motor vehicle operated *on* the Richards' property; as contemplated by . . . the scope of the Motor

No. 18-10721

Vehicle Exclusion." Comparing Meals's allegations within the four corners of her third-amended complaint to the terms within the four corners of the policy, indeed, Meals alleged facts that *possibly* implicate coverage under the policy. And even if there were doubt, "such doubt will be resolved in [the] insured's favor." *Northfield*, 363 F.3d at 528 (quotation and citation omitted). So Appellants have met their initial burden under the eight-corners rule.

Yet the district court concluded that the eight-corners rule does not apply because "the policy does not require plaintiff to defend all actions against its insured no matter if the allegations of the suit are groundless, false or fraudulent." *Richards*, at *3.

But as the Supreme Court of Texas explained in response to our certified question, "[t]he 'policy-language exception' to the eight-corners rule . . . is not a permissible exception under Texas law." *Richards*, 597 S.W.3d at 500.[1] That Court has "never held or suggested that the eight-corners rule is contingent on a groundless-claims clause." *Richards*, 597 S.W.3d at 498. Consistent with this approach, "Texas courts of appeal have routinely applied the eight-corners rule for many decades, without regard to whether the policy contained a groundless-claims clause." *Id.* at 499.

In fact, the Texas Supreme Court only recently—and for the first time—applied any exception to the eight-corners rule. *Loya Ins. Co. v. Avalos*, No. 18-0837, 2020 WL 2089752, at *3 (Tex. May 1, 2020). Specifically, in *Avalos*, it held that "an insurer owes no duty to defend when there is conclusive evidence that groundless, false, or fraudulent claims

---

[1] Like federal courts, Texas courts have no jurisdiction to render advisory opinions. But answering a certified question is a constitutionally permissible advisory opinion because the Texas Constitution grants the Supreme Court of Texas jurisdiction to "answer questions of state law certified from a federal appellate court." TEX. CONST. art. V, § 3-c.

against the insured have been manipulated by the insured's own hands in order to secure a defense and coverage where they would not otherwise exist." *Id.* In this case, there have been no allegations of collusive fraud by the insured, so the exception does not apply. And neither does the purported "policy-language exception." The district court erred in applying it.

B

State Farm argues we should affirm the district court on other grounds supported by the record. Like the district court, State Farm concludes that the eight-corners rule does not apply but argues instead that the district court should consider extrinsic evidence under a *different* exception.

We have at times applied a "very narrow" exception to the eight-corners rule, *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 686 (5th Cir. 2012), "where it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case."[2] *Ooida,* 579 F.3d at 475 (citing *Northfield*, 363 F.3d at 531); *see also Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 553 F. App'x 366, 371 (5th Cir. 2014) (per curiam). But this is not one of those cases.

As discussed, the Richards met their initial burden to establish that a claim is potentially within the scope of coverage. *See infra* Part III(A). So, the burden now shifts to State Farm to show "that the plain language of a policy

---

[2] As the Texas Supreme Court made clear when responding to our certified question, it has acknowledged that "some courts" use this exception, but it has not yet weighed in on whether it's a valid exception under Texas law. *Richards*, 597 S.W.3d at 496–97, 500; *see also Zurich*, 268 S.W.3d at 497 (acknowledging but not addressing the Fifth Circuit's use of the exception).

exclusion or limitation allows the insurer to avoid coverage of all claims, also within the confines of the eight corners rule." *Northfield*, 363 F.3d at 528. To support its no-duty-to-defend argument, State Farm invokes two policy exclusions: the "motor vehicle exclusion" and the "insured exclusion." The issue is whether extrinsic evidence is permissible under our "very narrow" exception to show that these policy exclusions apply to this claim.

*First, the "motor vehicle exclusion."* Under this exclusion, there is no coverage for bodily injury arising out of the use of a "motor vehicle" owned by an insured. State Farm argues that the ATV Jayden was driving constitutes a "motor vehicle" under the policy, meaning that any bodily injury arising out of Jayden's use of the ATV would not be covered. But to meet the definition of a "motor vehicle," Jayden must have been using the ATV "off public roads, *while off an insured location.*" Meals's third-amended complaint does not include the location of the accident. So to show the exclusion applies, State Farm seeks to use extrinsic evidence—namely, a crash report that shows the location of the crash and the Richards' admissions regarding the location of the crash.

Under the very narrow exception we have recognized, the extrinsic evidence must "go[] solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Ooida,* 579 F.3d at 476.

In Meals's third-amended complaint, she alleges "Jayden was killed because" "[the Richards] allowed Jayden to operate the ATV *on* their property." Meals's allegations of negligence focus on acts or omissions *on* the Richards' property. For example, Meals alleges the Richards were negligent for "[f]ailing to directly supervise a person younger than 14 years of age operating an ATV *on* the Richards' property in violation of Texas Transportation Code § 663.032"; "[f]ailing to monitor Jayden *on* the

Richards' property as a person using ordinary care would have done in the same or similar circumstances"; allowing Jayden to operate the ATV *on* the Richards' property without a helmet, other protective gear, seatbelt, proper instruction, or a certified training course; "[f]ailing to inspect the ATV before allowing Jayden to operate the vehicle *on* the Richards' property to ensure that it was safe"; and "[a]llowing Jayden to operate the ATV *on* the Richards' property without the skills, abilities, or judgment needed to operate the ATV safely."

Considering these allegations, the extrinsic evidence State Farm seeks to admit problematically "overlap[s] with the merits of or engage[s] the truth or falsity of [] facts alleged in the underlying case." *Ooida,* 579 F.3d at 476. By arguing that only the location of the "accident"—as State Farm interprets that term—matters, State Farm is challenging Meals's claim that "Jayden was killed because of Janet Richards allowing him to operate the ATV *on* their property." In other words, the extrinsic evidence State Farm urges the court to consider is simply too entwined in the merits for the "very narrow exception" to apply. *GuideOne,* 687 F.3d at 686 (finding that the "very narrow exception" to the eight-corners rule does not apply because "the evidence considered by the district court to determine coverage overlaps with the merits of [plaintiff's] action"). This type of "overlapping evidence" "poses a significant risk of undermining the insured's ability to defend itself in the underlying litigation." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 309 (Tex. 2006) (refusing to consider "mixed" or "overlapping" extrinsic evidence); *cf. Star-Tex,* 553 F. App'x at 372–73 (considering undisputed extrinsic evidence that shows employee was "operating a motor vehicle" when she allegedly caused bodily harm to a customer—thus triggering the policy's auto exclusion—as "[i]t does not overlap with the merits of the underlying dispute because the mere fact that [the employee] was operating a motor vehicle does not establish her

negligence or relate to [plaintiff's] negligent-hiring or respondeat superior claims."). Thus, State Farm's argument is unavailing.

*Second, the "insured exclusion."* State Farm also points to this exclusion and seeks to introduce extrinsic evidence showing Jayden was an "insured" under the policy, meaning his bodily injury would not be covered. Specifically, State Farm seeks to introduce the Richards' admission that they were Jayden's grandparents, as well as a court order appointing them as joint-managing conservators to show that Jayden was a "resident of [the Richards'] household." Appellants argue this extrinsic evidence should not be considered because it "contradict[s] allegations in [Meals's] underlying pleading." We agree.

Here, the policy lists the Richards as the named insureds. And, under the policy, all other subcategories of "insureds" must be "residents of" the Richards' household. Meals's third-amended complaint does not contain any allegations suggesting Jayden was a "resident" of the Richards' household. Rather, the complaint states that "Jayden resided with his Mother and [maternal] Grandmother, Sharon Culver, at 727 Jones Road, Weatherford, Parker County, Texas, where he had resided for years." So considering the extrinsic evidence to determine whether Jayden was a "resident of [the Richards'] household," would impermissibly "engage the truth or falsity of [] facts alleged in the underlying case." *Ooida,* 579 F.3d at 476.

In sum, the eight-corners rule applies here; the "very narrow exception" does not. And Meals's third-amended complaint contains allegations within its four corners that potentially constitute a claim within the four corners of the policy. Thus, we reverse the district court's holding that State Farm does not have a duty to defend the Richards.

IV

Finally, Appellants challenge the district court's holding that State Farm has no duty to indemnify, arguing that duty is not yet justiciable. Under Texas law, "[t]he duty to defend and the duty to indemnify are distinct and separate duties." *King v. Dall. Fire Ins. Co.,* 85 S.W.3d 185, 187 (Tex. 2002) (citation omitted); *see also Northfield Ins. Co.,* 363 F.3d at 528 (applying Texas law). And "the duty to defend is broader than the duty to indemnify." *Am. States Ins. Co. v. Bailey,* 133 F.3d 363, 368 (5th Cir. 1998) (applying Texas law) (citation omitted). "While the duty to defend depends on the allegations in the pleadings, the duty to indemnify is triggered by the actual facts that establish liability in the underlying suit." *Ooida*, 579 F.3d at 472 (quotation marks and citation omitted). So, "[g]enerally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Northfield*, 363 F.3d at 529 (emphasis omitted) (quoting *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997)). Here, State Farm has a duty to defend, so the exception to non-justiciability does not apply. And because the underlying suit remains pending, we reverse the district court on this issue.

CONCLUSION

After carefully reviewing the record and the parties' briefing and arguments, and for the reasons discussed above, we REVERSE and REMAND. We DENY all pending motions.